In the Matter of the Application of RICHARD A. KNIGHT, Petitioner. THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* "JOHN DOE," Defendant.

Court of General Sessions of County of New York, June 5, 1941.

*Thomas E Dewey, District Attorney [Charles Breitel, Assistant District Attorney, of counsel], for the People.*

GOLDSTEIN, J. The petitioner, Richard A. Knight, an attorney admitted to the New York Bar, has applied to the Court of General Sessions of the County of New York " to set aside, quash, and have stricken from the records in this court the presentment made by the grand jury at the January Term of the Court of General Sessions, New York County, 1941, in a proceeding entitled: 'People of the State of New York against " John Doe " ' "

The paper referred to is dated March 7, 1941, and has been duly filed: it is headed " Report by the Second January, 1941 Grand Jury to the Honorable Jonah J. Goldstein, Judge of the Court of General Sessions." It is a report consisting of four brief paragraphs and is signed " By direction of the Grand Jury, F I. Duschnes, Foreman." It is attested by Jerome Schoenfeld, secretary of the grand jury, and it reports to the court that no bill of indictment was voted. In addition, it sets forth that the charges heard were baseless and unwarranted, and it incorporates a request to permit the district attorney to transmit the minutes to the Presiding Justice of the Appellate Division, First Department, " for appropriate action against Knight."

Kn'ght, in both the petition upon which he bases his application for relief, as well as in his memorandum of law submitted in support thereof, inaccurately refers to the report as " a letter purporting to be a presentment."

Not infrequently matters submitted to the grand jury do not result in an indictment. Where a matter has been considered by a grand jury, and where depositions or statements exist (as is invariably the case where the defendant has been first accused before a magistrate), section 269 of the Code of Criminal Procedure requires that a record of the dismissal be indorsed by the foreman upon such depositions or statements It is not clear that the statute requires the filing of a statement showing the grand jury's action in voting no bill of indictment in a case where no such depositions or statements exist (as is generally the case where the matter has been presented to the grand jury by the district attorney without prior hearing). However, that is the practice and

even if no express statutory authority exists for it, it is implicit in the law and an essential link in the chain of orderly court procedure.

Section 270 of the Code of Criminal Procedure provides that " the dismissal of a charge does not, however, prevent its being again submitted· to a grand jury, as often as the court may so direct. But without such direction it cannot be again submitted." Common sense and sound legal practice have, therefore, resulted in the invariable making of a public record when a grand jury has not indicted, after hearing. This is good public policy, and provides protection against unjustified repeated submissions to a grand jury.

The petitioner alleges that the report violates section 1783 of the Penal Law. That section makes criminal the willful disclosure of grand jury evidence or manner of individual voting by a member of the grand jury, except when lawfully required by a court or officer. The grand jury made the report to me as presiding judge; the minutes were at no time submitted to me, and I do not know what evidence the grand jury considered. A reading of the report does not disclose any grand jury testimony whatsoever or the manner of voting. By no stretch of the imagination could a report of " no bill " and a request of the grand jury be construed to be a violation of section 1783 of the Penal Law.

The fact that the grand jury included in its report of " no bill " a statement that it had investigated charges and found them unwarranted, certainly does not give reason for striking it out.

The petitioner wrote registered letters to the January, 1941, term grand jury and to me as judge presiding in Part One of the Court of General Sessions, demanding that the grand jury investigate certain charges that he set forth in his letter. Copies of the letters were sent to members of the bar and to others willing to read them. The grand jury thereafter heard the charges presented by the petitioner and then made the report which he now seeks to strike from the record. It would be sad indeed if the day should ever arrive when an individual could set the wheels of justice in motion by presenting his case before the grand jury after having publicized charges against public officials and public agencies and it should be held that the grand jury investigating those charges was not at liberty to state as a matter of record that it found them baseless. Public confidence in its law enforcement officers is of prime importance; the petitioner having broadcast his charges, it would be unreasonable for the court to hold that his failure to substantiate such charges should not be made a matter of public record. Neither should a complainant's dissatisfaction with the result of a

grand jury investigation be deemed the controlling factor in determining whether the grand jury's action should be a matter of public record. It does not come within the purview of a judge to pass upon or control the action of a grand jury. This grand jury indicted no one and stated that it found the charges heard by it baseless. It must be presumed that the grand jury did its duty. That presumption can be rebutted only by evidence. The grand jury having found no indictment, it decided that the minutes should be sent to the Presiding Justice of the Appellate Division, First Department. To effectuate its decision, it concluded its report with this paragraph:

" In view of the irresponsible and reckless nature of the charges made on repeated occasions publicly by Richard A. Knight, we request the Court to permit the District Attorney to transmit the minutes of our hearings to the Presiding Justice of the Appellate Division of the 1st Department for appropriate action against Knight."

No one may validly press the argument that a grand jury does not have the right to communicate its findings in an appropriate case to the proper authority charged with a duty in connection with the matter reported. It might be more correct to say that the grand jury had a duty in such a case rather than a right. Since section 952-t of the Code of Criminal Procedure strictly limits the circumstances under which grand jury testimony may be revealed, the district attorney most properly, in his capacity of counsel to the grand jury, made a motion to permit disclosure in accordance with the request. Without the request contained in the report there would have been nothing on the record as a basis for the district attorney's application. The petitioner deems the report to be a " wholly false and libelous document " and states in his petition that its continued presence in the files of this court constitutes a violation of his rights. The petitioner's opinion of the action taken by the grand jury cannot be the criterion in the court's determination.

Since the report of the grand jury is both a proper and necessary record and an official communication to the court necessary to give effect to the findings of the grand jury, and since it contains no unlawful disclosures of grand jury matters, the petition to strike the report from the record is denied.