59 So.2d 254 (1952)
OWENS et al.
v.
STATE et al.
Supreme Court of Florida, Special Division A.
April 18, 1952.
Rehearing Denied June 19, 1952.
*255 Paty & Paty, West Palm Beach, for appellants.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
This case grew out of an investigation of complaints to the Grand Jury in reference to the issuance of revenue bonds and the award of a contract for the installation of water works in Riviera Beach, Florida. It appears that on advice of Thomas M. Cook, appellants as members of the Town Council of Riviera Beach (hereinafter referred to as the Town) secured the services of George S. Brockway, as City Engineer to investigate and report on the advisability of constructing a water plant for the Town. Brockway advised appellants to purchase the Palm Beach Shores system and integrate it into the Riviera Beach water system. In February, 1951, Cook was instructed to negotiate for purchase of the Palm Beach Shores system and later advised appellants that it could be purchased for not exceeding $400,000, though the evidence shows that he (Cook) had secured an option to purchase it for $300,000. He was at the same time retained as financial adviser of the Town for one per cent of the value of the bonds.
The bonds were issued and validated. One condition of the bids for them required the contractor to make the Town a deed with good title to the Palm Beach Shores Water Works. He was then to be paid $350,000 on account. In the meantime Cook's option to purchase the Palm Beach Shores water system was extended on condition that he pay $305,000, for which he was to receive $400,000 from the Town when the transaction was completed. When the bonds were offered for sale Cook purchased them at ninety-five cents on the dollar, no other bid was offered for them. *256 A representative of one firm who bid for constructing the water works advised appellants that they could not secure information as to Cook's option and could not submit an intelligent bid. Evidence disclosed that appellants did not know the price Cook paid for Palm Beach Shores Water Works, they made no investigation to ascertain the price and were never apprised that Palm Beach Shores was to be paid $305,000 for its plant. It is further shown that appellants did not know what price they were to pay for the Water Works until the contract was made and the contractor advised them that the price was $400,000.
Complaints were made to the Grand Jury and the foregoing facts were developed by them after thorough investigation. On the basis of these facts the Grand Jury reported their opinion to be "that the Town Council showed gross incompetence in the handling of tax payers money, that they found no criminal violation but would like to stress the importance of the peoples vote in placing competent people in office."
When this report was filed appellants as complainants instituted this suit by moving the Circuit Court to expunge the report of the Grand Jury from the record. There was an answer filed but the motion to expunge was denied and complainants appealed. The point for determination is whether or not appellants are entitled to have the report of the Grand Jury, as quoted in the preceding paragraph, expunged from the record.
It is shown that the investigation and report of the Grand Jury was prompted by a letter signed by "Riviera Beach Citizens Committee," to which was attached petitions bearing the signatures of numerous persons requesting an investigation of the acts of appellants as City Councilmen relative to the water works contract and the use of the bond proceeds to pay for it. There certainly could be no better source to warrant a Grand Jury investigation than the urgence of a citizens committee. It was a voluntary request from the people who are entitled to know how their government is being conducted on each level.
In the case of In re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316, this court held that Sections 89 and 95 of the Criminal Procedure Act, Chapter 19554, Acts of 1939, F.S.A. §§ 905.10, 905.16, define the duties of the Grand Jury as to the investigation of crimes and other matters brought to their attention. We held that they were charged with the duty to investigate county offices, buildings, institutions and officers and to make due presentment concerning their physical, sanitary and general condition. The Grand Jury is, in other words, the guardian of all that is comprehended in the police power of the State. It is required to inquire of all such matters as shall be given it in charge and present every offense against the penal laws of the State whether any specific punishment is pointed out or not. What we said in the last-cited case is supported by other holdings in the country. In re Jones, 101 App.Div. 55, 92 N.Y.S. 275; In re Healy, 161 Misc. 582, 293 N.Y.S. 584.
In a democracy like ours public employees and officials, whether elective or appointed are not to forget that they have no proprietary interest in the office or the employment committed to them, they are trustees of the people and may be called on at any time to render an account of their trusteeship. It is not required that they be charged with crime or irregular conduct, if they are incompetent or lax in the performance of the duty imposed on them, if they are lacking in the common courtesy attached to the duty vested in them, whatever the delinquency may be, the Grand Jury has a right to investigate and make a fair report of its findings.
There are, of course, limitations beyond which a Grand Jury may not go. It will not be permitted to censure a public official, impugn his motives, or hold him up to criticism without cause, neither should they pry into one's personal affairs at the behest of designing groups. Ex parte Robinson, 231 Ala. 503, 165 So. 582; In re Report of Grand Jury of Baltimore City, 152 Md. 616, 137 A. 370; Rector v. Smith, 11 Iowa 302. Its powers are therefore not limited to investigating crime and making presentments for that. In this and in many other states it is clothed with much broader powers.
*257 The report of the Grand Jury was within the scope of their power so the decree appealed from is affirmed.
Affirmed.
SEBRING, C.J., and THOMAS and MATHEWS, JJ., concur.