## RYON v. SHAW, et al.

Circuit Court, Dade County.

June 24, 1954.

John D. Steele and Charles J. Rich, both of Miami, for plaintiff.

George A. Brautigam, Miami, as state attorney, amicus curiae, and for the jury foreman.

E. Albert Pallot, Miami, for certain of the defendants.

William C. Gaither, Miami, amicus curiae.

John C. Wynn, Miami, amicus curiae.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard on motion filed on behalf of fifteen of the defendants to dismiss the complaint, and the court heard argument and has examined briefs thereon. It was stipulated at the hearing that upon the filing of a motion to dismiss on

behalf of the remaining defendants (who had not up to that time been required to plead) such later motion would be covered by the ruling on the argument above mentioned. It now appears that motions to dismiss have been filed on behalf of all the defendants.

The court granted the motion of George A. Brautigam, state attorney for this circuit, to appear as amicus curiae. The court also granted motions to appear as amici curiae by attorney John C. Wynn, legal adviser to the Grand Jury Association of Dade County, and attorney William C. Gaither, vice-chairman of the courts committee of the Dade County Bar Association. Permission for these friends of the court to participate in this cause was granted over objection of plaintiff's counsel. They were permitted to address the court, and plaintiff's counsel was afforded opportunity to respond thereto.

Plaintiff by his complaint seeks to recover damages for libel from the members of a recent grand jury. The complaint attacks a portion of a grand jury report pertaining to an investigation of the operation of the school board lunchrooms and commissary, in connection with which plaintiff was employed as lunchroom supervisor. For present purposes it is sufficient to say that in the course of describing the manner of operating the lunchrooms and commissary the report criticized the plaintiff.

Under the motions to dismiss it would have been proper in this case, as in any such case, to examine the complaint to determine whether the allegations show any actionable libel, aside from any question of privilege or immunity of the defendants. A cursory examination of the complaint and the offending portion of the report which is attached as an exhibit indicates the absence of actionable libel, but that is not decided here, because this case presents an important underlying question of law which goes to the right to maintain this sort of action against members of a grand jury, even if the subject matter should be considered libelous as such.

To ascertain that the plaintiff is not entitled to maintain this action one need only refer to certain decisions of our Supreme Court which considered efforts by officials to expunge grand jury reports criticizing them in connection with investigations of their official activities. In two such cases the applications to expunge the reports were denied. In each it was held that the challenged report was not improper, having been made incident to an investigation which the grand jury was lawfully empowered and directed by a court to make. In re Report of Grand Jury, 11 So. 2d 316; Owens v. State, 59 So. 2d 254.

In the Owens case the grand jury report included findings of fact that the members of the town council showed gross incompetence in handling the taxpayers money in issuing revenue bonds and awarding contracts for a water works, referring to the earlier case cited above the Court said at page 256—

In the case of In re Report of Grand Jury, 152 Fla. 154, 11 So. 2d 316, this court held that Sections 89 and 95 of the Criminal Procedure Act, Chapter 19554, Acts of 1939, F.S.A. §§ 905.10, 905.16, define the duties of the Grand Jury as to the investigation of crimes and other matters brought to their attention. We held that they were charged with the duty to investigate county offices, buildings, institutions and officers and to make due presentment concerning their physical, sanitary and general condition. The Grand Jury is, in other words, the guardian of all that is comprehended in the police power of the State. It is required to inquire of all such matters as shall be given it in charge and present every offense against the penal laws of the State whether any specific punishment is pointed out or not. What we said in the last-cited case is supported by other holdings in the country. In re Jones, 101 App. Div. 55, 92 N.Y.S. 275; In re Healy, 161 Misc. 582, 293 N.Y.S. 584.

In a democracy like ours public employees and officials, whether elective or appointed are not to forget that they have no proprietary interest in the office or the employment committed to them, they are trustees of the people and may be called on at any time to render an account of their trusteeship. It is not required that they be charged with crime or irregular conduct, if they are incompetent or lax in the performance of the duty imposed on them, if they are lacking in the common courtesy attached to the duty vested in them, whatever the delinquency may be, the Grand Jury has a right to investigate and make a fair report of its findings.

There are, of course, limitations beyond which a Grand Jury may not go. It will not be permitted to censure a public official, impugn his motives, or hold him up to criticism without cause, neither should they pry into one's personal affairs at the behest of designing groups. Ex parte Robinson, 231 Ala. 503, 165 So. 582; In re Report of Grand Jury of Baltimore City, 152 Md. 616, 137 A. 370; Rector v. Smith, 11 Iowa 302. Its powers are therefore not limited to investigating crime and making presentments for that. In this and in many other states it is clothed with much broader powers.

The above quoted clear statement of the law controls this case. Proceeding under the same statutes, including provision for the same broad oath, the grand jury was charged and authorized by the court at the time of its organization to—"consider and act within your discretion upon all matters coming within your knowledge or cognizance affecting the health, morals, safety and general welfare of the citizens of this county."

It follows that a grand jury has a privilege and immunity against an action for libel for a presentment or other such report incident

to investigations which it is authorized and charged to make. If an individual is affected or even harmed through the exercise of these duties by a grand jury that is unfortunate but incidental, it is a result which is outweighed by the public's overall need for an independent and unfettered right of investigation into matters of public policy by the grand jury as an arm of the judiciary. The public interest requires that such freedom of action be granted to a grand jury, the persons thus serving must be free from civil liability so that they may have that independence of judgment and action which is necessary for the proper administration of justice. The motions to dismiss are granted, and the cause is dismissed.