77 So.2d 455 (1955)
Francis W. RYON, Appellant,
v.
Henry O. SHAW et al., Appellees.
Supreme Court of Florida. Division A.
January 21, 1955.
*456 John D. Steele, Miami, for appellant.
E. Albert Pallot, Miami, for appellee.
William C. Gaither, Vice Chairman of Courts Committee, Dade County Bar Ass'n, Miami, as amicus curiae.
TERRELL, Justice.
Appellees were members of the Grand Jury of Dade County, fall term of the Circuit Court 1953. This is a libel action brought against them individually by appellant. The complaint charges in substance that the Grand Jury was empaneled, sworn and charged by the Circuit Court and that it filed its final report of the matters brought to its attention. A part of said report had to do with the administration of the school cafeteria and commissary. The plaintiff contends that this part of the report was libelous as to him, he being the supervisor of the cafeteria and commissary. Hon. John C. Wynn, legal adviser to the Grand Jury Association of Dade County, Hon. William C. Gaither, representing the Bar Association of Dade County, and Hon. George A. Brautigam, State Attorney, were permitted to intervene and file briefs. A motion to dismiss the complaint was granted and the plaintiff has appealed from that order.
The only point for determination is whether or not a grand jury may be charged and held to be civilly liable in an action for libel concerning matters investigated and contained in its final report or presentment.
Appellant contends for an affirmative answer to this question and relies on In re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316, and Owens v. State, Fla., 59 So.2d 254, to support his contention. We do not think either of these cases rule the case at bar. Owens v. State grew out of a proceeding to expunge from the court record a report of the Grand Jury but this court found that said report was within the scope of Grand Jury power and refused to expunge it. In re Report of the Grand Jury (second case relied on) grew out of a similar proceeding in which this Court declined to expunge the objectionable substance because it was found to be within the compass of the Grand Jury's power. The matter objected to was no worse than that on which this action for libel is predicated.
In this case appellant did not seek to have the alleged libelous matter expunged from the record. He brings an action for libel, claiming that he was damaged in character, in person and his reputation in a large amount. The gist of the Grand Jury presentment complained of is as follows:
"We also feel that the present person, namely, Mr. Francis W. Ryon, has done a good job as a commissary manager, but, unfortunately he does not have the qualifications to head a department *457 that specializes in child nutrition and education. Nor do we believe that any one person is able to handle the two jobs efficiently."
In Owens v. State this Court went to some length in defining the powers of the Grand Jury. We held that it would not be permitted to censure a public official, impugn his motives or hold him up to criticism without cause, neither would it be permitted to pry into one's personal affairs at the behest of designing groups, but that under the law they were charged with the duty to investigate crimes, county offices, buildings, institutions and officers and to make due presentment concerning their physical, sanitary and general condition. It is, in other words, the guardian of all that is comprehended in the police power of the state. It is required to inquire of all such matters as shall be given it in charge and present every offense against the penal laws of the State, whether any specific punishment is pointed out or not.
We specifically held in the last cited case that if employees or officers are incompetent or lax in the performance of the duty imposed on them, if they are lacking in the common courtesy attached to the duty vested in them, whatever the delinquency may be, the Grand Jury has a right to investigate and make a fair report of its findings. The report complained of did not attempt more than this. The most it said was that appellant did a good job as commissary manager but that he did not have the qualification to head a department that specializes in child nutrition and education. The charge to the Grand Jury covered this much but even if it had not done so it was covered in the law defining their powers and they cannot be held in damages for making a fair report of their findings.
Both grand and petit juries are arms of the court and in performance of the duty imposed on them they are privileged to publish false and defamatory matter if any of it has some relation to the cause in which they are acting as a jury. Restatement of the Law of Torts, American Law Institute, Section 589. The books, records and official acts of officers and employees in our country are always open and subject to scrutiny by those designated for that purpose. It is one of the safeguards of democratic government. To hold that it cannot be done or to say that there are limitations on telling the truth about what the grand jury may find when it investigates would greatly hamper the conduct of democratic processes. Hayslip v. State, 193 Tenn. 643, 249 S.W.2d 882, and Hayslip v. Wellford, 195 Tenn. 621, 263 S.W.2d 136.
In this holding we do not overlook the contention of appellant to the effect that findings of the Grand Jury are immunized only when in the discharge of a public duty or in those cases where their report involves a legal or judicial act. This may all be true but we find nothing in the report complained of that violates the Grand Jury's authority; it was in the nature of a judicial finding and was privileged. To hold that they could be held civilly liable would materially hamper Grand Jury investigations.
Another observation is that democratic government emanates from the people, it is theirs to administer with all the checks and balances they see fit to throw around it. There is no greater deterrent to evil, incompetent and corrupt government than publicity. In its last analysis we are confronted here with a means to that end and so long as accomplished within reasonable bounds courts are without power to interfere with the means provided.
For the reasons so stated, the judgment appealed from is affirmed.
Affirmed.
MATHEWS, C.J., and SEBRING and ROBERTS, JJ., concur.