111 So.2d 716 (1959)
STATE of Florida, Appellant,
v.
Boone D. TILLETT, Jr., Appellee.
No. 549.
District Court of Appeal of Florida. Second District.
May 8, 1959.
*717 Richard W. Ervin, Atty. Gen., and David U. Tumin, Asst. Atty. Gen., for appellant.
Boone D. Tillett, Jr., Lake Wales, in pro. per.
KANNER, Chief Judge.
This cause is here on appeal and also on a petition for writ of certiorari taken by the State of Florida, the state having employed these two methods of approach. The primary question is the same under both proceedings and they were consolidated for briefing and argument. The controversy can be determined through the appeal as lodged. Therefore, it is unnecessary in this opinion to deal with the petition for writ of certiorari, but this petition will otherwise be resolved.
The trial court granted a motion of the appellee that testimony taken before the Polk County Grand Jury for the spring, 1956, term be made available to him, at the same time denying motions by the appellant, State of Florida, to strike and to dismiss appellee's motion.
The appellant seeks reversal of this order of the court upon the proposition that, under appellee's motion, the testimony sought is for use in establishing a basis for civil actions for libel and slander and for conspiracy to libel and slander against persons who testified as witnesses before the grand jury, contending that no action can lie for defamatory words of a witness uttered in the due course of a judicial proceeding. Also the appellant has attacked the procedure followed, asserting that the relief sought was through an unverified motion which was insufficient, that appellant was deprived of an opportunity to file an answer and offer evidence to refute the motion, and further, that the order entered was without evidentiary support.
Appellee's motion for use of the testimony grew out of a presentment filed by the grand jury which contained, in part, certain statements relating to him. This portion of the presentment concerning appellee was, upon a sworn motion by him in another proceeding, ordered expunged by the circuit court which received it from the grand jury
Appellee's motion for the use of the grand jury testimony reads:
"Comes further Boone D. Tillett, Jr., petitioner in the above styled cause, and respectifully shows unto the Court:
"1. That this court has heretofore, namely, on June 22, 1956, upon motion of petitioner, ordered expunged from the records of this court the portions of the so-called `presentment' of the captioned Grand Jury which impugned the actions and motives of petitioner, for the reason that the same were not within the scope of authority of the Grand Jury as a matter of law; that said order did not touch upon the truth or falsity of the so-called findings of the Grand Jury.

*718 "2. That, notwithstanding the fact that portions of the said `presentment' excoriating petitioner have been expunged from public records, prior to its expunction said `presentment' was widely published verbatim in newspapers about the State of Florida, much news and editorial comment was published concerning it, and its contents became the source of much verbal conversation and comment throughout the County of Polk and State of Florida; that as a result of such publication and dissemination of said `presentment' the petitioner's reputation as a man of honesty and integrity, both as an individual citizen and as a public servant, has been unjustly tarnished and he has been held up to public scorn and ridicule without an opportunity to anywise rebut the charges and allegations of facts and conclusions contained in said `presentment'.
"3. That all of the allegations and conclusions of said `presentment' were and are entirely false and untrue, with no basis in truth, as petitioner is prepared to prove, and, upon information and belief, were based upon false and perjured testimony given before the Grand Jury.
"4. That by public utterances outside of the Grand Jury room, one Harry E. King has charged petitioner with extortion and blackmail, and conducting a calculated campaign to destroy King personally and politically through threats, false charges, attempted trickery and demands for money; that none of these charges are true in fact and constitute a libel and slander against petitioner; that, upon information and belief, petitioner verily believes that the same said charges, and testimony tending to support the same, were given under oath before the Grand Jury by King and others in privy with him and conspiring with him in libelling and slandering petitioner and attempting to secure his indictment and/or public discredit; that any such testimony as may have been given to the Grand Jury is perjured and false.
"5. That petitioner is preparing civil actions against said Harry E. King and others for libel and slander and for conspiring to libel and slander petitioner in connection with the matters which the Grand Jury had under investigation; that petitioner shows that the `presentment' of the Grand Jury, though it may have been issued by said Grand Jury in good faith, is itself a part and parcel of the whole of the libellous and slanderous utterances against petitioner, since it was based upon and procured by perjured and false testimony.
"6. That the testimony of H.E. `Pat' Gordon, James Busbee and Rollie Arnold, before the Grand Jury, touching upon the matters under investigation and involving petitioner, have heretofore been made matters of public record in connection with the respective criminal trials of the above named Gordon, Busbee and Arnold.
"7. Petitioner shows that the reasons for continuing the cloak of secrecy in this matter have long since expired, in fact there are urgent and pressing reasons why the cloak of secrecy should no longer obtain; that unjust and ill-founded accusations against petitioner contained in said `presentment' have caused petitioner untold damage in his reputation for honesty and fair-dealing and, petitioner having been at the same time a public office-holder in a position of trust and confidence, has caused great public mischief; that, accordingly, the furtherance of Justice requires that the testimony before said Grand Jury be made available to petitioner for the purpose of allowing him to further right a great and grievous wrong done *719 him and the public of this County and State."
Other than that portion constituting the opinion of the Court, the decretal part of the order on the motion contains this language:
"It Is Therefore Ordered and Adjudged that the motion to strike and motions to dismiss be, and they are hereby denied, and that the motion of the Petitioner be, and it is hereby granted.
"It Is Further Ordered and Adjudged that the Clerk of this Court shall on March 17th, 1958, Unless Superseded, deliver the sealed transcripts of such testimony to Honorable Holland Kelley, Official Court Reporter of this Court, and he shall with due dispatch copy all testimony contained in the transcripts as prayed for in Petitioner's motion concerning and relating to the matters and things set forth in the `presentment' of Boone D. Tillett, Jr. and all testimony concerning and in anywise pertaining to Boone D. Tillett, Jr. as the same was taken and transcribed before the said 1956 Spring Term of the Polk County Grand Jury.
"It Is Further Ordered and Adjudged that no portion of the transcript which contains opinions, comments or statements by members of the grand jury shall be included in such transcript. * * *"
The trial court's order granting appellee's motion was based upon the "furtherance of justice" principle. This court on March 14, 1958, ordered that the appeal operate as a supersedeas of the order of the circuit court.
Primarily, it may be observed that the uses for which testimony given before a grand jury can be released are confined within very narrow limits. These uses under the governing statute are for proof of consistency of the testimony given by a witness, for proof of perjury, or for furtherance of justice when permitted by the court. Section 905.27, Florida Statutes, F.S.A., enunciates these allowable purposes:
"905.27 Testimony not to be disclosed; exceptions. No grand juror, prosecuting attorney, or special legal counsel, court reporter, interpreter, or any other person appearing before the grand jury, shall disclose the testimony of a witness examined before the grand jury or other evidence received by it except when required by a court to disclose the testimony of a witness examined before the grand jury for the purpose of ascertaining whether it is consistent with that of the witness given before the court, or to disclose the testimony given before the grand jury by any person upon a charge against such person for perjury in giving his testimony or upon trial therefor, or when permitted by the court in the furtherance of justice. Any person violating the provisions of this act shall be guilty of a criminal contempt of court, and punished accordingly."
According to appellee's interpretation, the court granted him the requested portion of the transcript of testimony in the interest of administering justice, for whatever use he might make of it in clearing his name. As may be seen through a perusal of appellee's motion, although certain reasons are given for his desire to have the testimony delivered to him, the principal expressed intended use of it is that of seeking to establish grounds for civil actions against certain grand jury witnesses and others for libel and slander and for conspiracy to libel and slander. This motion reveals that the character of the testimony sought to be released is believed by appellee to be false and perjured and thereby libelous and slanderous. When this kind of testimony has been given in a judicial proceeding and is sought to be used as a basis of an action for damages, the *720 question then arises as to the operation of the rule of privilege.
In this country the overwhelming weight of precedent has established the rule that defamatory testimony by a witness in the due course of a judicial proceeding, if material to the inquiry, is privileged absolutely and hence cannot be made the basis of an action for libel and slander, even though the testimony is given maliciously and with knowledge of its falsity. 33 Am.Jur., Libel and Slander, section 181, p. 174; 53 C.J.S. Libel and Slander § 104d (8), pp. 180-181; and Restatement of the Law, Torts, American Law Institute, section 588, p. 233. Strong approval of this rule has been expressed in the Florida cases of Myers v. Hodges, 1907, 53 Fla. 197, 44 So. 357; and Fisher v. Payne, 1927, 93 Fla. 1085, 113 So. 378. The case of Fisher v. Payne contains the following statement on page 381 of 113 So.:
"The rule as stated by this court in the case of Myers v. Hodges, supra, with reference to defamatory words published by parties, counsel, or witnesses in due course of judicial proceedings, we think, must be held to apply to commissioners, committeemen, and other like functionaries who are lawfully required by the courts of competent jurisdiction to examine persons or things and report their findings to such court. That rule, as stated by Mr. Justice Parkhill speaking for the court, in that case is:
"`In the United States, according to the overwhelming weight of authority, in order that defamatory words, published by parties, counsel or witnesses in the due course of a judicial procedure may be absolutely privileged they must be connected with, or relevant or material to the cause in hand or subject of inquiry. If they be so published and are so relevant or pertinent to the subject of injury, (sic) no action will lie therefor, however false or malicious they may in fact be.'"
One may note that the Fisher v. Payne case indicated that the rule applicable to defamatory words by witnesses in due course of a judicial proceeding should also apply to commissioners, committeemen, and other like functionaries who are lawfully required by a court of competent jurisdiction to examine persons or things and report their findings to such court.
The responsibilities and obligations of a witness are, in the administration of justice, of fundamental importance. The judicial tribunal depends upon the witnesses for facts upon which findings or judgments are based. One reason for the doctrine of privilege is that as a matter of sound public policy a full disclosure is necessary in a judicial proceeding to the end that a witness in testifying may be free and unhampered by likelihood of threats of reprisal or of suits for defamation. It cannot be gainsaid, however, that in some instances the rule of privilege might incidentally protect one who is evilly disposed or who is in fact a slanderer.
We must consider next whether the hearing and receiving of testimony by a constituted grand jury is a judicial proceeding. It is generally recognized that such a procedure is judicial in nature and comes within the meaning and operation of the rule of privilege. 33 Am.Jur., Libel and Slander, section 148, p. 144. See also 33 Am.Jur., Libel and Slander, section 156, p. 152; 53 C.J.S. Libel and Slander § 127 (b), pp. 208-209; Hayslip v. Wellford, 1953, 195 Tenn. 621, 263 S.W.2d 136, 42 A.L.R.2d 820, certiorari denied 346 U.S. 911, 74 S.Ct. 243, 98 L.Ed. 408.
In the Florida case of State ex rel. Brown v. Dewell, 1936, 123 Fla. 785, 167 So. 687, the court, though stating that a witness before the grand jury has no privilege of having his testimony treated as a confidential communication, here referring to the rule of secrecy, held that such witness must be considered as testifying under all the obligations of an oath required in a judicial proceeding.
*721 We next cite and discuss two cases which concern evidence given before a grand jury and which sustain the privilege rule.
The case of Taplin-Rice-Clerkin Co. v. Hower, 1931, 124 Ohio St. 123, 177 N.E. 203, 81 A.L.R. 1117, was an action brought by Hower for damages for malicious prosecution. Hower alleged that the Taplin-Rice-Clerkin Company had procured his indictment by the grand jury on the charge of embezzlement, which indictment was thereafter "nolled." The grand jury testimony of William Clerkin, a member of the defendant firm, was the cause of the indictment. Upon the malicious prosecution trial, this testimony of Clerkin was introduced into evidence over objections of the defendant company that such testimony was privileged. The trial court directed a verdict in favor of the defendant company for the reason that statements made by Clerkin before the grand jury, whether true or false, were not such as to charge any crime. The court of appeals reversed the action of the trial judge and this ruling was prosecuted to the Supreme Court of Ohio, which court reversed that judgment upon the ground of privilege. The opinion of that court is brief and direct:
"The sole question for determination in this case is whether or not the testimony of William Clerkin given before the grand jury in the investigation of the charges against John F. Hower constituted privileged matter and the trial court erred in admitting the same.
"This testimony of Clerkin before the grand jury was the cornerstone of the plaintiff's case in the trial court, and it is admitted that if this testimony is privileged, and therefore excluded, the plaintiff in the malicious prosecution case must fail.
"The trial court admitted this testimony in evidence upon the authority of Kintz v. Harriger, 99 Ohio St. 240, 124 N.E. 168, 12 A.L.R. 1240. This court in Erie County Farmers' Ins. Co. v. Crecelius, 122 Ohio St. 210, 171 N.E. 97, decided that a libel action could not be founded on a defamatory statement made in a pleading in a court proceeding, where the statement was material and relevant to the issue. In Buehrer v. Provident Mutual Life Ins. Co., 123 Ohio St. 264, 175 N.E. 25, this court held that defamatory statements inserted in a pleading are privileged, though untrue.
"In the light of these cases decided by this court since the decision of Kintz v. Harriger, supra, and consistent with the later declarations, it becomes our duty to overrule the conclusions of Kintz v. Harriger, supra, and hold that testimony given before the grand jury is privileged, and, in a case for malicious prosecution, such as the case at bar, is therefore inadmissible. The case of Vogel, Ex'r. v. Gruaz, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158, is a leading case recognizing this doctrine and has been frequently followed in both federal and state courts. The same rule also prevails in other jurisdictions. McClarty v. Bickel, 155 Ky. 254, 159 S.W. 783, 50 L.R.A.,N.S., 392; Bazzell v. Illinois Central R. Co., 203 Ky. 626, 262 S.W. 966; Michael v. Matson, 81 Kan. 360, 105 P. 537; Worthington v. Scribner, 109 Mass. 487, 12 Am.Rep. 736.
"Finding that the testimony of Clerkin given before the grand jury should not have been admitted, upon the ground of privilege, and that without such testimony the plaintiff below had no case, we are compelled to reverse the judgment of the Court of Appeals and render final judgment for the plaintiff in error, defendant below."
In the Hower case discussed above, although an indictment was brought, a nolle prosequi was entered before action could be prosecuted as a result of the indictment Also, this case and the court's opinion on *722 it directly concerned use of testimony given by a witness before a grand jury and not merely a ruling by the court on a motion citing inferences to be drawn from a report or presentment.
In the case of Hott v. Yarborough, 1922, 112 Tex. 179, 245 S.W. 676, a letter to the foreman of the grand jury asking for an investigation concerning a supposed violation of the criminal law was held not to be introducable into evidence. It appears there was no indictment returned against the one concerning whom the privileged letter was written, although in the letter he was charged directly with criminal violations, bribery and perjury. The reason given by the court for this holding was that the letter, as a communication made to the grand jury in the regular performance of its duties, being therefore absolutely privileged, could not constitute the basis of a civil suit for damages for libel and slander. In that case the court held also as privileged a letter to the county attorney on the same subject and bearing the same charges against the person whom the writer sought to have investigated. The court further stated that malicious intent is immaterial where the communication made is absolutely privileged and explained that the rule precluding such use of defamatory matter uttered or published upon an occasion privileged under law was formulated in the interests of public policy, and not upon the assumption that the law otherwise affords redress or provides punishments which may act as deterrents.
In Restatement of the Law, under the subject of Torts, section 589, p. 236, it is pointed out in paragraph (f) of the comment that witnesses testifying before a grand jury are protected under the privilege rule heretofore referred to. The same principle under which privileged matter may not be used in prosecution of a suit for libel or slander applies to conspiracy for libel or slander, since the gist of such a charge is the slander itself. Robertson v. Industrial Insurance Company, Fla. 1954, 75 So.2d 198, at page 200, 45 A.L.R.2d 1292.
The fundament of appellee's case is contained primarily within his claim that, since the testimony before the grand jury as it concerned him was false and perjured, since there had been a release of it to the state in connection with criminal prosecutions, and since part of the presentment was issued without indictment, the turning over to him of the requested testimony for use as he may see fit was justified in the furtherance of justice. He urges, in essence, that the trial judge, in the administration of the affairs of the court, was empowered to grant use to appellee of the testimony of witnesses before the grand jury, since that body is an appendage of such court; that further the trial court exercised his discretion properly and without abuse.
As stated heretofore, use of grand jury testimony under the furtherance of justice doctrine, when granted by the court, is recognized as permissible in Florida and other jurisdictions. The Supreme Court of Florida said, in the case of State ex rel. Brown v. Dewell, 1936, 123 Fla. 785, 167 So. 687, 690:
"A witness before the grand jury has no privilege of having his testimony there treated as a confidential communication, but must be considered as testifying before the grand jury under all the obligations of an oath in a judicial proceeding. Hence such witness' testimony may be disclosed whenever it becomes material to the administration of justice; otherwise witnesses before the grand jury might be tempted to commit perjury without fear of punishment, and grand jurors would have no credible evidence on which to act on the one hand, and the citizen on the other would be deprived of one of his most boasted and valuable protections against arbitrary accusations and arrests."
The Supreme Court thus recognized, under the furtherance of justice principle, that *723 testimony of a witness before a grand jury may be revealed when it becomes material to the administration of justice, the same as does the quoted section 905.27, Florida Statutes, F.S.A.
In applying this principle to support his position, appellee cites, in the main, section 905.27, Florida Statutes, F.S.A., the case of State ex rel. Brown v. Dewell, supra, 24 Am.Jur., Grand Jury, sections 842, 865, 867, and 868, and Wigmore on Evidence, 3rd ed., volume 8, sections 2360-2363, pp. 716-730. The authorities thus cited are in accord with section 905.27 and with the case of State ex rel. Brown v. Dewell, supra, included in his citations. All of them simply declare that in the furtherance of justice, disclosure of grand jury testimony may be permitted as an exception to the secrecy rule. Appellee further relies on the case of Bennett v. Stockwell, 1917, 197 Mich. 50, 163 N.W. 482, L.R.A. 1917F, 761, because in that case no indictment was returned by the grand jury, just as no indictment was returned against him.
The Bennett v. Stockwell case concerned a report of a grand jury containing libelous matter about a prosecuting attorney, which report was read in open court but did not amount to an indictment. The report itself was adjudged to be neither absolutely nor qualifiedly privileged because in that jurisdiction it had been held that a grand jury was not authorized to make a presentment less than an actual indictment, except for two subjects upon which a grand jury had the statutory right to make reports or presentments. The report involved did not fall within the statutory exceptions. It has been indicated that there exist two lines of decisions which are not entirely reconcilable because in some jurisdictions grand jury powers are strictly circumscribed by statutory provisions, whereas in other jurisdictions grand juries have broader powers derived from the common law. See Annotation, 48 A.L.R.2d at pages 717 and 718. It may be noted that the Bennett v. Stockwell case, since it condoned an action against the grand jurors themselves, would appear to fall within a minority line of cases. In addition it is predicated to a degree on statutory interpretation of the powers of the grand jury. In this connection compare the Florida case of Ryon v. Shaw, Fla. 1955, 77 So.2d 455, 48 A.L.R.2d 713. In Florida the duties of grand juries are prescribed both by statutes and by the common law. Clein v. State, Fla. 1950, 52 So.2d 117.
Regarding the cloak of secrecy surrounding the grand jury testimony, appellee asserts that the court has already lifted this mantle through granting of use of the testimony by the state in connection with certain criminal trials. He urges that, since this is true, he should also be permitted its use. Of course, the lifting of secrecy is permissible in an instance such as that, where the transcript was made available to the county solicitor upon proper application of the state for use in criminal trials for perjury. One of the rulings by the Florida Supreme Court in the case of Gordon v. State, Fla. 1958, 104 So.2d 524, relates to release of the same testimony sought in the proceeding here under consideration. A determination of the Supreme Court in that case was that, because the statute treats perjury as a peculiar exception to the secrecy rule protecting grand jury proceedings, the defendants in the perjury case were entitled to use of the testimony for preparation of their defense, since the state had been granted access to it. The court referred with approval to the trial court's ruling wherein he denied access to the transcript of testimony by witnesses who were not to be called to testify and who were not defendants. It cannot be said, as asserted by appellee in his brief, that under his motion this ruling of the Supreme Court should have any effect upon the outcome of his application for the testimony. The release authorized through that opinion, as has been said, was to defendants in a perjury case for preparation of their defense because the state had been granted access to the testimony. The ruling *724 in that case has nothing to do with the statutory use for purposes of furtherance of justice, nor does it delineate what limitations, if any, would apply under the rule of privilege.
It has been held that, while inspection of grand jury minutes may be allowed in the enforcement of the law, such disposal may not be made to serve private interests or to aid private litigants in a civil action. 38 C.J.S. Grand Juries § 43b, p. 1063. Among the cases cited in support of this is Dworetzky v. Monticello Smoked Fish Co., 1939, 256 App.Div. 772, 12 N.Y.S.2d 270. The Dworetzky case is somewhat parallel to the present case in that the minutes of the grand jury were sought in aid of a civil suit for malicious prosecution. Here we reiterate that the movant appellee in the present case asserted that the transcript of the grand jury proceedings was sought in aid of certain civil suits he was bringing against certain grand jury witnesses for libel and slander and for conspiracy to libel and slander.
It is significant that appellee's motion granted by the trial court is unverified, is general in its allegations, contains conclusions, and is in some respects based upon information and belief. Of particular import is the complete absence in appellee's pleading of any predicate laid or claimed that the grand jury testimony sought was not pertinent nor relevant to the subject of the grand jury's inquiry. The trial court founded his decision upon appellee's unsworn motion without evidentiary support and with no opportunity having been given to the appellant to file an answer and offer refutation.
Historically, it has been the established policy of the law to shield grand jury proceedings from public scrutiny. Clein v. State, Fla. 1950, 52 So.2d 117. One reason for this policy is to encourage free and unhampered disclosures by persons who have some information pertinent to the subject matter of investigation. Grand jurors and witnesses, by reason of their participation in grand jury proceedings, occupy a special relationship to the state. Although there are exceptions to the secrecy principle, as has been heretofore indicated, the solemnity of the provisions of the statute is emphasized by a penal provision whereby any person violating its requirements shall be deemed guilty of criminal contempt of the court and punished accordingly.
The concept of furtherance of justice is inherently difficult of precise definition. The application of such principle also is difficult and is necessarily dependent upon the peculiar factual circumstances of each particular case. A court of competent jurisdiction, before granting the use of grand jury testimony upon the furtherance of justice doctrine, should require the satisfactory establishment of the right to its use. The onus must be borne by the person seeking to gain access to and use of the testimony. Thus, the burden of proof here is on the appellee.
In summary this court emphasizes that the proceeding of the grand jury about which this case is concerned was a judicial inquiry. What appellee has complained of, as being injurious to him, is the presentment of the grand jury and its effect upon him together with what he believes or thinks the testimony of the grand jury witnesses may have contained. The objectionable part of the presentment was upon his motion interred by the court. Nearly two years later, under the present motion, appellee seeks to obtain use of the grand jury testimony.
We reach the conclusion that under the state of the record there is no satisfactory establishment of the right by appellee, via the principle of the furtherance of justice, to use of the testimony to the exclusion of the privilege rule and the traditional policy of secrecy. We hold further that the unsworn motion of appellee was inadequate to warrant the order entered, *725 and moreover, that after the court had denied the motions to strike and to dismiss, appellant should have been given an opportunity to answer and to refute the allegations of the motion.
The order of the trial court is reversed and set aside.
Reversed.
SHANNON, J., and SMITH, FRANK A., Associate Judge, concur.