PER CURIAM.
This appeal is from an order denying a motion to expunge a portion of an interim report made by the Fall Term 1962 Dade County Grand Jury.
The appellant is an attorney at law. During the course of his representation of a client charged with several criminal offenses, he accused an assistant state attorney of perjury, subornation of perjury and other wrong doing in connection with the prosecution of the client. Both the appellant and his client publicly requested a grand jury investigation of their allegations and appeared in person and testified before the grand jury. The Governor of Florida assigned a state’s attorney from another circuit to aid the Dade County Grand Jury in the investigation of the charges. The grand jury returned its report in which it found that there was no wrong doing on the part of the assistant state’s attorney, much less evidence sufficient upon which to indict. In the course of its report, the *919 grand jury concluded that the charges made by the appellant were baseless and unwar-' ranted, and constituted an attempt to cast suspicion upon the integrity of the grand jury and the office of the state’s attorney. The report further concluded with the suggestion that the bar association conduct an investigation of the appellant’s conduct and directed that copies of the report be furnished to the Governor of Florida, the State’s Attorney of Dade County, the Florida Bar Association, the Dade County Bar Association, and all news media in Dade County.
Without delineating the specific portions of the report to which the appellant has taken exception and as set out verbatim in his motion to expunge, suffice it to say that the gravamen of his complaint is that the grand jury exceeded its authority and jurisdiction under the laws of this state by writing an unfair report about him that impugned his motives and held him up to scorn and criticism.
We recognize that the great weight of authority and the rule followed in this state is that a grand jury has no authority to make a report criticizing individuals either by name or by inference, and that a grand jury’s powers or authority are limited to those conferred upon it by law.[1] As stated by our Supreme Court in In re Report of Grand Jury, supra:
“They [grand jury] will not be permitted to single out persons in civil or official position[s] to impugn their motives, or by word, imputation, or innuendo hold them to scorn or criticism.”
However, the underlying reason for this rule is not present in the instant case. Surely the appellant knew, or is presumed to have known, that when he gave some publicity to the charges against the public official, particularly where they related to perjury and subornation of perjury, in a pending criminal case a grand jury investigation would likely ensue. As events subsequently developed, one did ensue — at the appellant’s instance, and he was heard as a witness on his charges. See Hayslip v. State, 193 Tenn. 643, 249 S.W.2d 882.
We believe that where, as in this instance, the appellant was the moving party who initiated the proceedings after apparently giving his charges some publicity, a different rule applies. Can the appellant be said to be in a position to object just because the results of the investigation may have been something other than what he anticipated? We think not. We doubt the soundness of a rule that would prohibit a grand jury, after receiving specified charges against a public official and having investigated those charges, from being at liberty to report to the public its finding that the charges were baseless. As was stated in Application of Knight, 176 Misc. 635, 28 N.Y.S.2d 353, 355:
“Public confidence in its law enforcement officers is of prime importance; the petitioner having broadcast his charges, it would be unreasonable for the court to hold that his failure to substantiate such charges should not be made a matter of public record.”
Accordingly, we deem the factual situation in this case to be such as comes within the exception to the majority view.[2]
Concluding as we have that the order appealed is without error, the same is hereby affirmed.
Affirmed.

. In re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316, 318; Owens v. State, Fla.1952, 59 So.2d 254; State v. Interim Report of Grand Jury, Fla.1957, 93 So.2d 99; State v. Clemmons, Fla.1963, 150 So.2d 231; see also Application of United Electrical, Radio, & M. Workers, S.D.N.Y., 111 F.Supp. 858, 866, and cases cited therein at note 26.

. See Hayslip v. State, 193 Tenn. 643, 249 S.W.2d 882; Ex parte Cook, 199 Ark. 1187, 137 S.W.2d 248; Application of Knight, 176 Misc. 635, 28 N.Y.S.2d 353; see also 55 Col.L.Rev. 1103, 1124; contra, Ex parte Burns, 261 Ala. 217, 73 So.2d 912.