PER CURIAM.
Upon examination of the record and after due consideration of the briefs and oral argument we find no reversible error in the trial court’s order adjudicating appellant guilty of indirect criminal contempt for violating sec. 905.27(5), F.S. Cf. Widener v. Croft, 184 So.2d 444 (Fla.App. 4th 1966); State v. Tillett, 111 So.2d 716 (Fla.App. 2d 1959). However, we are of the opinion that the imposition of sentence fails to comply with the requirements of Rule 3.840(7), FRCrP, which provides:
“(7) The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.”
In particular, a reading of the judgment of contempt reflects that sentence was imposed without adherence to the above cited procedures.
Accordingly, the judgment of contempt is affirmed but that portion of the judgment imposing sentence.is vacated and set aside and the cause remanded for the purpose of conducting such other proceedings consistent herewith and for imposition of sentence, if any, in compliance with the requirements of Rule 3.840(7).
AFFIRMED, in part; REVERSED, in part.
CROSS and MAGER, JJ., and KEOUGH, LAWRENCE E., Associate Judge, concur.