SHIVERS, Judge.
Appellant, Escambia County Sheriff Royal Untreiner, appeals from an order expunging portions of a Grand Jury Presentment, contending that the entire Presentment should be repressed. We disagree and affirm.
On February 9, 1979, an Escambia County Grand Jury returned an Interim Present *274 ment relating to the operation of the Es-cambia County Sheriff’s Department. Neither a true bill nor an indictment accompanied the Presentment. The Grand Jury had been convened in order to investigate the operation of the Escambia County Sheriff’s Department and the February 9 Presentment summarized the findings of earlier Presentments and called for either the resignation of Sheriff Royal Untreiner or his removal from office by the Governor.
On February 23, 1979, appellant filed a motion to suppress or expunge the February 9th Presentment, contending it was unlawful and improper and part of a deliberate attempt by the Grand Jury to circumvent the requirements of the law and force the resignation or removal of the Sheriff from office. The Circuit Court entered an order on December 17,1979, expunging portions of the Presentment but refusing to repress the entire Presentment. On appeal from this order, appellant maintains that the Circuit Court erred in refusing to suppress the entire Presentment.
Appellant seeks to repress the entire Presentment under Section 905.28, Fla.Stat. (1977). Section 905.28(1) provides that a Grand Jury Presentment relating to an individual which is not accompanied by an indictment shall not be made public or published until the individual is provided fifteen days to file a “motion to repress or expunge the report or that portion which is improper and unlawful.” In other words, only unlawful or improper portions of the Presentment may be repressed or expunged. As used in the statute, the term “unlawful” is to be construed to mean the Presentment or portions of the Presentment are outside the lawful ambit of Grand Jury authority and the term “improper” is to be taken to denote a report of matters which lack factual foundation in the record. Miami Herald Publishing Company v. Marko, 352 So.2d 518 (Fla.1977).
Appellant does not specifically challenge the lawful nature of the Grand Jury investigation into the operation of the Escambia County Sheriff’s Department. Nonetheless, an investigation of the operation of the Sheriff’s Department is clearly within the scope of the power and authority of the Grand Jury. A grand jury’s investigatory authority extends beyond the realm of criminal activity to include inquiry into the general activities of public institutions and personnel. In re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316, 318 (1943); Marko, supra, at 521. Therefore, since the Presentment deals only with the operation of the Sheriff’s Department, the Presentment is within the lawful ambit of the Grand Jury authority and appellant is not entitled to complete repression of the Presentment under the first statutory criterion.
As to the issue of whether the Presentment should be entirely repressed because it contains improper matter, a reading of the Presentment indicates that it meets the statutory test of propriety. Obviously, there is no clear line between what is proper material and what is improper material. “What is clear, however, is that the focus of judicial inquiry on a motion to repress under this statute does not turn on some amorphous notion of ‘fairness’, but must be addressed to the germaneness and factual foundation of the particular recommendations contained in the report.” Marko, supra, at 521.
 Appellant does not directly argue that the Presentment contains improper material, but contends that the Grand Jury entered upon a course of action aimed at the resignation or removal of the Sheriff because of political vindictiveness. However, a Grand Jury may legally recommend the removal of public officials from office in terms of a Presentment describing misconduct, errors, and incidences in which public funds are improperly employed. Owens v. State, 59 So.2d 254 (Fla.1952); In re Report of Grand Jury, supra; Marko, supra. The Grand Jury’s recommendation in the February 9, 1979, Presentment is consistent with the Presentment’s findings of fact regarding the Sheriff’s operation of the Sheriff’s Department. The recommendation is based upon stated facts constituting specific examples of misconduct which were found *275 by the Grand Jury’s lawful inquiry into the operation of the Sheriff’s Department. The investigation and recommendation is clearly germane to the public’s concern for proper and adequate law enforcement and the report properly recommends future action to avoid the recurrence of similar misconduct. Based upon the record, appellant has failed to show the Presentment’s recommendation is not based upon the factual foundation of the Presentment itself.
Although we might have disagreed with the trial judge’s selection of the words or portions of the Presentment which he found should be expunged, our review of the trial judge’s order in this respect is frustrated by deficiencies in the motion presented to the trial judge. The motion to repress or expunge contained only a general attack upon the lawfulness and propriety of the Presentment, and failed to recite or identify the particular portions of the Presentment which were claimed to be improper or unlawful. Unless the exact words or phrases claimed to be objectionable are specifically pointed out to the trial judge, we are unable to determine what the trial judge’s ruling would have been, and we have no basis upon which we can find error in his ruling expunging only certain words or parts of the Presentment. Since this matter was presented to the trial judge in effect upon an “all or nothing” basis, we have no alternative but to affirm.
Therefore, the order expunging portions of the Presentment but refusing to repress the entire Presentment is affirmed.
ERVIN and LARRY G. SMITH, JJ., concur.