453 So.2d 1179 (1984)
Melvin KELLY, Sheriff of Hernando County, Florida, Appellant,
v.
The Honorable Wallace E. STURGIS, Circuit Court Judge, Appellee.
No. 83-45.
District Court of Appeal of Florida, Fifth District.
August 9, 1984.
*1180 David C. Sasser of Law Offices of Joseph E. Johnston, Jr., P.A., Brooksville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This case involves repression of a portion of a grand jury presentment relating to an individual private citizen.
A grand jury investigated allegations made by a private citizen, B, and others that officials in the office of appellant, Sheriff of Hernando County, and in the office of the state attorney, were guilty of official and unlawful misconduct including the wrongful use of law enforcement investigations *1181 for personal and advantageous political and publicity purposes. The grand jury returned neither a true bill nor an indictment but did return an interim presentment or report. The report found that the charges of official misconduct were not substantiated by the evidence but did make findings critical of the administration, supervision and procedures in the two public offices involved and recommended certain procedural changes in those public offices. The report also made critical comments relating to B.
B moved the circuit court to repress those portions of the report that commented on B. The sheriff moved the circuit court to publish those portions of the report that B sought to repress. The presiding circuit judge (the appellee, Honorable Wallace E. Sturgis) granted B's motion to repress and the sheriff appeals.
Prior to 1973 the Supreme Court of Florida stated that grand juries should make a fair report of their findings, and would not be permitted to single out either public officials or private citizens and censure or defame them or impugn their motives or, by word, imputation, or innuendo, hold them up to scorn, ridicule or criticism without cause or without an accompanying indictment.[1]
Section 905.28(1), Florida Statutes, enacted in 1973, provides:
No report or presentment of the grand jury relating to an individual which is not accompanied by a true bill or indictment shall be made public or be published until the individual concerned has been furnished a copy thereof and given fifteen days to file with the circuit court a motion to repress or expunge the report or that portion which is improper and unlawful.
In 1977 in Miami Herald Publishing Company v. Marko, 352 So.2d 518 (Fla. 1977), the supreme court construed section 905.28(1), Florida Statutes. The court expressly declined to equate the statutory provisions with the judicially created standard of fairness and construed the word "unlawful" to mean portions of a presentment outside the lawful ambit of grand jury authority and the word "improper" to denote a report lacking factual foundations in the record.
The appellant sheriff in this case argues that the trial judge erred in applying the pre-Marko standard of fairness and that the sole issues are whether the grand jury report is germane to the inquiry and whether findings and recommendations have factual foundations. We do not agree with appellant's interpretation of Marko's construction of the statute.
Marko related to a refusal to suppress a grand jury report finding that two Florida Highway Patrol officers were unfit to serve and recommending that they be removed from their official positions. In Marko the supreme court stated that the focus of judicial inquiry on the motion of the public officers to repress under the statute did not turn on the notion of "fairness" but was addressed "to the germaneness and factual foundations of the particular recommendations contained in a report" (emphasis supplied). The court explained that this holding was in conformity with the proper function of our state's grand juries; in Florida, grand juries are not confined to the indictment function but also have the right to express the view of the citizenry with respect to public bodies and officials in terms of a presentment describing misconduct, errors, and incidences in which public funds are improperly involved and in making recommendations relating thereto. The court stated:
It is inevitable under these circumstances that public officials will be subject to criticism and that, at a minimum, their private reputations will be exposed to opprobrium. In a broad sense, that is not "fair" ... a report may be "proper" by all objective standards but appear "unfair" to some observers. The notion *1182 of unfairness is highly subjective, and we fail to discern any legislative directive to add that dimension to the more objective standards specifically set out in the statute.
352 So.2d at 522.
Grand juries have a lawful function to investigate possible unlawful actions for all persons, private citizens and public officials alike, and to return indictments when warranted.
As Marko notes, grand juries also have a lawful and proper function to consider the actions of public bodies and officials in the use of public funds and report or present findings and recommendations as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public offices and public monies. 352 So.2d at 522. See also Appeal of Untreiner, 391 So.2d 272 (Fla. 1st DCA 1980). However, grand juries have no legitimate or proper function to go beyond an investigation of criminal activity and matters involving public officials and public monies and to make any report or recommendation that names, embarrasses, ridicules, criticizes, censures, or defames private citizens. Even at the behest of obviously interested persons a grand jury may, in the public interest, properly inquire into alleged misconduct of public officials and the public interest is properly served by an accurate report as to whatever is found to be true without comment on the actions or motives of private citizens that are not a necessary part of the findings relating to the public officials. Here unrepressed portions of the interim presentment contained some criticism of the office of the sheriff and of the state attorney. As Marko explains, this is lawful and proper whether or not it might be considered fair or unfair because it is within the legitimate interest and concern of a grand jury inquiry. However, the private citizen, B, in this case was not found indictable for criminal conduct. The grand jury comments as to B do not relate to anything B did acting as a public official nor do they relate to the use or misuse of public funds. Neither were the grand jury's commentary on B a necessary part of, or even relevant to, its critical but proper findings as to the two public offices or its recommendations relating to those findings and those offices. Therefore, the grand jury's comments on the private citizen were outside the lawful ambit of grand jury authority and an "improper" object of the proper and official concern to the grand jury and the appellee circuit judge was correct in applying a standard of fairness to the grand jury report and in repressing those portions commenting on the private citizen.
Section 905.28, Florida Statutes, does not authorize or legitimatize a grand jury making an unfair commentary as to the actions or motives of a purely private citizen and Marko does not so hold. We do not read Rubin v. Interim Report of Dade County Grand Jury, 159 So.2d 918 (Fla. 3d DCA 1964), cert. den., 166 So.2d 755 (Fla. 1964) to authorize a grand jury to depart from a standard of fairness relating to a private citizen and to make unfair and unnecessary comments as to a private citizen merely because that citizen might be incidentally involved as a complainant or witness in the grand jury's proper investigation and inquiry into the conduct of some public office or officeholder. Such a rule of law would certainly serve to deter citizen's complaint to a grand jury to the disadvantage of the public interest.
AFFIRMED.
FRANK D. UPCHURCH, JR., SHARP and COWART, JJ., concur.
NOTES
[1] See generally State v. Clemmons, 150 So.2d 231 (Fla. 1963); State ex rel. Brautigam v. Interim Report of Grand Jury, 93 So.2d 99 (Fla. 1957); Owens v. State, 59 So.2d 254 (Fla. 1952); Re Report of Grand Jury, 152 Fla. 154, 11 So.2d 316, 318 (1943).