POLEN, Judge,
dissenting.
I respectfully dissent.
Laurene MacLeod died on March 26, 1990. The deceased was bitten by a police dog in the course of a burglary investigation and was thereafter sent to Wellington Medical Center (Wellington) for treatment. The grand jury was convened to investigate the death and after such investigation a presentment was submitted. The presentment contained references to an investigation of an “attempted burglary involving Ms. MacLeod.” It was also critical of the medical care rendered by Wellington and its staff.
Wellington filed a motion to repress or expunge portions of the presentment which pertained to its business. The personal representative of the deceased’s estate, Lillian MacLeod (MacLeod), filed a similar motion to repress or expunge those portions of the presentment which pertained to the deceased.
After the trial court granted the motions of both Wellington and MacLeod, the State of Florida appealed. I agree with the state that the presentment of the grand jury should have remained unchanged, and I would therefore reverse.
As to MacLeod’s motion to repress or expunge the portions of the presentment pertaining to the deceased, I see nothing in the context of the presentment which would improperly cast any shadow of doubt on the deceased’s character. She was a private citizen, true; however, the grand jury was called to investigate the circum1 stances surrounding her death in connection with police investigation of a burglary report. I think that the references to the deceased were far short of maligning her, and such references were merely supportive of the facts surrounding the grand jury’s lawful investigation.
Wellington argued that because it is a private entity it should not be the subject of the grand jury’s scorn, absent an indictment. Wellington was able to prevail in *377 the trial court, and here on appeal, largely through reliance on Kelly v. Sturgis, 453 So.2d 1179 (Fla. 5th DCA 1984). In Kelly the court held that the grand jury has no business in making any report which embarrasses, ridicules, criticizes, censures, or defames private citizens. Id. at 1182. The court in Kelly also held that the grand jury has a lawful and proper purpose in reporting or presenting findings as to practices, procedures, incompetency, inefficiency, mistakes and misconduct involving public officers and public monies. Id. at 1182. The grand jury is entitled to express the views of the citizenry where the use of public funds are involved and where the administration of public bodies have been placed in question. Miami Herald Publishing Co. v. Marko, 352 So.2d 518 (Fla.1977).
Wellington received $3,969.41 from the state for the treatment of the deceased, which was not disputed. I think that by its receipt of public funds Wellington opens itself to review by the grand jury as to patients whose treatments are thus subsidized. The grand jury is empowered to make a presentment describing misconduct, errors and incidences in which public funds are misused. Malcolm Pirnie, Inc. v. Monroe County Grand Jury Report, Fall Term, 1987, 558 So.2d 139 (Fla. 3d DCA 1990) (citing Marko).
The language used by the grand jury concerning the deceased did not, in my opinion, go beyond mere reference to her which would be necessary to frame the facts surrounding the presentment itself. There are no embarrassing or humiliating remarks about the deceased which deal with her as a private person, as opposed to the subject of an investigation involving a burglary, a public offense. I would reverse the order expunging and repressing reference to the deceased.
Wellington took public funds to treat a patient brought to it by the sheriffs office. A public investigation was instituted by the grand jury to discover the cause of Ms. MacLeod’s death. The grand jury had every right, and the duty as well, to inquire into Wellington’s practices and treatment of the deceased, Upon finding that Wellington’s negligence was a contributing cause of the death of the deceased, I believe that the grand jury could properly place its finding in its presentment.
The presentment should stand as it was when initially submitted, in the interest of the public welfare and the management of public funds. I would reverse the orders of expungement and repression.