By the Court.
 

 The sole question for determination in this case is whether or not the testimony of William Clerkin given before the grand jury in the
 
 *125
 
 investigation of the charges against John F. Iiower constituted privileged matter and the trial court erred in admitting the same.
 

 This testimony of Clerkin before the grand jury was the cornerstone of the plaintiff’s case in the trial court, and it is admitted that if this testimony is privileged, and therefore excluded, the plaintiff in the malicious prosecution case must fail.
 

 The trial court admitted this testimony in evidence upon the authority of
 
 Kintz
 
 v.
 
 Harriger,
 
 99 Ohio St., 240, 124 N. E., 168, 12 A. L. R., 1240. This court in
 
 Erie County Farmers’ Ins. Co.
 
 v.
 
 Crecelius,
 
 122 Ohio St., 210, 171 N. E., 97, decided that a libel action could not be founded on a defamatory statement made in a pleading in a court proceeding, where the statement was material and relevant to the issue. In
 
 Buehrer
 
 v.
 
 Provident Mutual Life Ins. Co.,
 
 123 Ohio St., 264, 175 N. E., 25, this court held that defamatory statements inserted in a «pleading are privileged, though untrue.
 

 In the light of these cases decided by this court since the decision of
 
 Kintz
 
 v.
 
 Harriger, supra,
 
 and consistent with the later declarations, it becomes our duty to overrule the conclusions of
 
 Kintz
 
 v.
 
 Harriger, supra,
 
 and hold that testimony given before the grand jury is privileged, and, in a case for malicious prosecution, such as the case at bar, is therefore inadmissible. The case of
 
 Vogel, Exr.,
 
 v.
 
 Gruaz,
 
 110 U. S., 311, 4 S. Ct., 12, 28 L. Ed., 158, is a leading case recognizing this doctrine and has been frequently followed in both federal and state courts. The same rule also prevails in other jurisdictions.
 
 McClarty
 
 v.
 
 Bickel, 155
 
 Ky., 254, 159 S. W., 783, 50 L. R. A. (N. S.), 392;
 
 Bazzell
 
 v.
 
 Illinois Central Rd.
 
 
 *126
 

 Co.,
 
 203 Ky., 626, 262 S. W., 966;
 
 Michael
 
 v.
 
 Matson,
 
 81 Kan., 360, 105 P., 537;
 
 Worthington
 
 v.
 
 Scribner,
 
 109 Mass., 487, 12 Am. Rep., 736.
 

 Finding that the testimony of Clerkin given before the grand jury should not have been admitted, upon the ground of privilege, and that without such testimony the plaintiff below had no case, we are compelled to reverse the judgment of the Court of Appeals and render final judgment for the plaintiff in error, defendant below.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.