H. LESLIE QUIGG v. VANCE W. HELM, THOMAS J. KELLY, *et al.,* in their individual capacities and also as members of and composing a committee known as Citizens' Vigilance Committee, unincorporated.

161 So. 55.
Division B.
Opinion Filed April 12, 1935.
Rehearing Denied April 27, 1935.

694

*W. C. Price & Price, Price & Hancock,* for Plaintiff in Error;

*James M. Carson* and *Patterson & Knight,* for Defendants in Error.

PER CURIAM.—The writ of error brings for review judgment in favor of defendants pursuant to a directed verdict on trial after the plaintiff had closed the taking of testimony.

The declaration is one declaring on a conspiracy alleged to have been entered into between the defendants by which conspiracy and confederation the defendants "did maliciously contrive, compose, utter and publish of and concerning as a party to said suit a certain false, scandalous, malicious and defamatory libel of the said plaintiff."

The declaration was in seven counts, but each of said counts is so cast and framed as to allege the conspiracy and confederation between the defendants as a material element of, if not the gravamen of, the offense or tort charged to have been committed by the defendants.

There is no proof in the record of any conspiracy or agreement between the defendants named to utter or publish the alleged defamatory matter complained of. Therefore, the trial judge was warranted upon the closing of the

plaintiff's case in directing a verdict in favor of the defendants. The rule is well settled that:

"A plaintiff must recover, if at all, upon the case made by his declaration and not upon some other case made by evidence. However meritorious a case may be, as shown by the evidence, there can be no recovery unless the declaration makes out such a case."

South Atlantic Telephone & Telegraph Co. v. Shaw, 83 Fla. 463, 92 Sou. 277; Coons v. Pritchard, 69 Fla. 362, 68 Sou. 225; Dexter v. S. A. L. Ry., 55 Fla. 292, 45 Sou. 887; Fla. Fire & Casualty Co. v. Hart, 73 Fla. 670, 75 Sou. 528.

It is contended here that aside from the fact that the case made by the declaration was not supported by proof it also appears from the case made by plaintiff that the communication was a privileged communication and, therefore, it was necessary, the plaintiff having shown this fact, to then show that the publication was both false and malicious, citing Cooley on Torts, 255, and authorities in note 3; Wieman v. Mabee, 45 Mich. 484, 8 N. W. 71; O'Donaghue v. McGovern, 23 Wend. 26.

It is not necessary, however, for us to decide whether or not the alleged communication was privileged because we have found that the proof submitted did not support the declaration.

The judgment should be affirmed and it is so ordered.

Affirmed.

Ellis, P. J., and Terrell and Buford, J. J., concur.

Whitfield, C. J., concurs in the opinion and judgment.

Davis, J., concurs in the result.