**CARLTON W. FAULK v. JOHN N. ALLEN**

12 So. (2nd) 109                    January Term, 1943
February 19, 1943                                    En Banc

*L. R. Milton* and *Rhydon C. Latham,* for appellant.

*Evan T. Evans, Fuller Warren* and *B. K. Roberts,* for appellee.

ADAMS, J.:

The plaintiff sued the defendant on two counts. One is:

"That on the 11th day of September, 1937, plaintiff was employed by the State of Florida as Director of the State Beverage Department, and had been so employed for a long time prior thereto. That on said date defendant wrongfully, unlawfully, wilfully, and maliciously caused and procured the State of Florida to dismiss the plaintiff from his said employment; that for the purpose of procuring plaintiff to be dismissed from his said employment the defendant falsely informed against plaintiff that plaintiff had accepted bribes from the defendant in consideration that plaintiff permitted defendant to escape the payment of liquor taxes due to the State of Florida, by reason whereof plaintiff lost the earnings which he would otherwise have received from the continuance of his said employment."

The other count charged:

"That on the 11th day of September, 1937, and for a long time prior thereto plaintiff was employed by the State of Florida as Director of the State Beverage Department. That on said date defendant with Helen Pepper and H. W. Miller wrongfully, unlawfully, wilfully and maliciously conspired to and with each other to procure the plaintiff to be dismissed from his said employment and in furtherance of said conspiracy did complain and falsely swear to the Governor of the State of Florida that plaintiff had accepted bribes from the defendant in consideration of permitting defendant, who was then engaged in the liquor business in the State of Florida, to escape the payment of liquor taxes due to the State of Florida. And thereby induced and procured the Governor of the State of Florida to dismiss plaintiff from his said employment, and that thereby plaintiff was deprived of the salary which he would have received in his said employment."

Plaintiff's bill of particulars stated:

Comes now the plaintiff in the above entitled cause and says that he was appointed Director of the State Beverage Department on January 11th, 1937, and commenced work on that date. Then he was employed and commissioned for a

period of four years at a salary of $4,800.00 per year, plus traveling expenses, and that he was dismissed from his said employment on September 11th, 1937."

A demurrer to the declaration was overruled. Defendant then plead the general issue and also specially denied the conspiracy. He also plead the two year statute of limitations as a bar; that plaintiff resigned his employment on September 11, 1937; also that several weeks prior to September 11, 1937, defendant was a wholesale liquor dealer and the then Governor of Florida directed a state auditor to investigate plaintiff's activities with defendant and make report thereof to him; that defendant gave only such facts and reports to the auditor and Governor as were true in fact; that same were given in good faith and were privileged; that if the Governor discharged plaintiff he did so of his own volition and not upon request, demand or insistence of defendant.

The trial court sustained a demurrer to the plea of statute of limitations. Plaintiff filed a replication in which he denied that he resigned his employment. The case was tried resulting in a verdict and judgment for plaintiff in the amount of $14,350.00. We do not have before us the testimony and charge of the court and we are therefore limited in our consideration to the record proper.

We consider first whether the declaration was good as tested by demurrer. It is insisted that it was bad in that it did not allege a valid contract of employment; that no showing was made that plaintiff had qualified and given bond as required by law. The answer to this is found in the direct allegation that plaintiff was Director of the State Beverage Department. It is further claimed that plaintiff was an officer and had no property right therein which could not be taken from him. Cited for this contention is City of Jacksonville v. Smoot, 83 Fla. 575, 92 So. 617. The fallacy of this contention is that here the office was not terminated. The gist of plaintiff's suit is the wrongful and malicious act of defendant which resulted in plaintiff's losing the emoluments of the office. It is asserted that there is no adjudicated case in England or this country where an action has been maintained to collect damages for wrongfully procuring the removal of

an officer. We are dealing with an administrative office holder under the executive branch of the state government. The important and somewhat unusual provision of the statute under which he is appointed is that even though the term of office is four years, he "may be removed at any time by the governor at the discretion of the governor." (Chapter 16774, General Laws 1935, 561.05 Florida Statutes 1941). If therefore the defendant as it is alleged wrongfully and maliciously procured the governor to exercise his discretion and remove plaintiff we can see no good reason why the defendant should not be answerable to plaintiff.

The next question we shall consider is whether the action was barred by the statute of limitations. The action was instituted August 20, 1941, and the date of the alleged wrong was the 11th day of September, 1937. Did the two or four year statute of limitations apply? The answer to this question requires us to determine whether a conspiracy to wrong which results in damage gives rise to a cause of action? 11 Am. Jur. 547. If so it would be subject to the four year statute, Section 95.11, Florida Statutes, 1941. Appellant asserts that conspiracy as an independent civil action was unknown at common law as well as in this country. Some respectable authority is cited for this assertion. We do not feel that the question is open in this state however since it was held in the affirmative in Garsed v. Sugarman, et al., 99 Fla. 191, 126 So. 157; Quigg v. Helm, et al., 119 Fla. 693, 161 So. 55. Hunter Lyon, Inc., v. W. H. Walker, et al., 152 Fla. 61, 11 So. (2nd) 176, opinion filed December 11, 1942. A comprehensive discussion of this question will be found in Chapter XVI, Carson's Revised Edition Florida Common Law Pleading, Practice and Procedure. See also Law of Conspiracy by Harrison.

We now consider the remaining question, namely the amount of the judgment. As will appear from the quoted bill of particulars the plaintiff's recovery is limited to loss of salary during the life of his commission or term of office. He claims to hold a commission for four years from January 11, 1937. The term of office is fixed by law. When plaintiff was appointed on January 11, 1937, the law required that his

tenure by virtue of such appointment should be for the remainder of that term which would expire on the 28th day of May, 1939. See effective date of Chapter 16774, Acts of 1935 and State ex rel. Davis, Att'y. Gen. v. Collins, 101 Fla. 371, 134 So. 595. It therefore appears that plaintiff could have sustained no loss in excess of one year, eight months and seventeen days amounting to $8,226.67. Consequently the verdict is excessive by $6,123.33.

If the plaintiff shall within fifteen days after filing the mandate in the lower court enter a remittitur for such excess the judgment for the remainder shall stand affirmed.

Affirmed in part and reversed in part.

BUFORD, C. J., TERRELL, BROWN, and CHAPMAN, JJ., concur.

THOMAS, J., dissents.

SEBRING, J., not participating.