**SIEGEL, Plaintiff-Appellant v O. M. SCOTT & SONS CO. et,
Defendants-Appellees.**

Ohio Appeals, Third District, Union County.

No. 205.   Decided October 15, 1943.

Philip Lustig, Cleveland, for plaintiff-appellant.
C. A. Hoopes, Marysville, for defendants-appellees.

## OPINION

By GUERNSEY, P. J.

This is an appeal on questions of law, from a judgment of the Common Pleas Court of Union County, Ohio, sustaining a demurrer to the petition of plaintiff, upon the ground that it did not state facts sufficient to constitute a cause of action, and dismissing the same, in an action pending in said court wherein the appellant Alex Siegel was plaintiff, and the appellees The O. M. Scott & Sons Company and Paul Williams were defendants.

The petition, to which the demurrer was sustained, omitting caption and certain allegations as to the nature and extent of the damages sustained by plaintiff, which are not material to a consideration of this appeal, and omitting signature and oath thereto, and for convenience in discussing the same, designating by number in the order they appear, the paragraphs thereof which are material to a consideration of this appeal, is as follows:

1. "Plaintiff, for his petition, states that the defendant, The O. M. Scott & Sons Company is a corporation organized and existing under and by virtue of the laws of the State of Ohio, maintaining offices in the city of Marysville, Ohio, and is engaged in the manufacture and sale of garden articles and garden seeds.

2. "Plaintiff states that the defendant, Paul Williams, is and at all times herein mentioned was an officer and agent of the defendant company.

3. "Plaintiff says that in the January Term, 1943, in Union County, an indictment was procured against him upon a charge of making, drawing, uttering and delivering to the

defendant company herein certain checks with intent to defraud.

4. "Plaintiff alleges that said indictment, charging the plaintiff herein with the crime of uttering said checks with intent to defraud said defendant company, was made maliciously and without any reasonable or probable cause and for the purpose of extorting money from plaintiff, and that by reason of said indictment a warrant was issued for the arrest of this plaintiff and that he was thereupon, with force and violence and against his will, arrested and detained at the Central Police Station in the City of Cleveland, Ohio, and that he was placed in a cell with other common prisoners.

5. "Further plaintiff states that he was forcibly detained at the Central Police Station in the City of Cleveland, Ohio, from January 28, 1943 to January 29, 1943; that on January 29, 1943 he was transferred by the sheriff of Union County to the Central Police Station in Akron, Ohio, where again he was placed in the custody of the Chief of Police of Akron, Ohio, and other police officers and was held in said police station for more than two hours; that he was then transferred to the county jail of Union County, Ohio, located in the City of Marysville, by the said Sheriff of Union County and that he was forcibly, unlawfully, maliciously and against his will deprived of his liberty by being placed in a cell in said jail and imprisoned and confined therein from January 29, 1943 to February 1, 1943.

6. "Plaintiff states that his unlawful, false and forcible arrest and malicious detention and the commitment to the Central Police Station at Cleveland, Ohio, and to the jail of Union County at Marysville, Ohio, was instigated and inspired by the defendant, Paul Williams, individually and as an officer and agent of the defendant corporation, The O. M. Scott & Sons Company and by certain agents of the defendant corporation who at this time are unknown to the plaintiff and, therefore, not named herein.

7. "Plaintiff states that previous to such forcible, unlawful and malicious arrest he was indicted by the Grand Jury of Union County upon the false testimony of the defendant, Paul Williams and other witnesses unknown at this time to the plaintiff and that he remained under said indictment until on or about February 4, 1943, when said indictment was nollied by a Judge of the Court of Common Pleas of Union County.

8. "Plaintiff states that by reason of the forcible, unlaw-

ful, false and malicious arrest and commitment to the jails at Cleveland, Ohio, and at Marysville, Ohio, and his indictment by the Union County Grand Jury upon the false testimony of the defendant, Paul Williams and the false testimony of divers witnesses inspired and instigated to so testify by Paul Williams and the defendant corporation; that he has been compelled to undergo the shame, humiliation and disgrace of being unlawfully, forcibly and maliciously and without reasonable. or probable cause, charged with the crime of uttering checks with intent to defraud. * * *

9. "Plaintiff, therefore, alleges that by reason of the forcible, unlawful, false and malicious arrest, imprisonment and indictment which was caused by the acts and at the instigation and inspiration of the defendant, Paul Williams, and by the defendant company herein named, he is entitled to exemplary damages and has been damaged in the sum of twenty-five thousand dollars.

10. "Wherefore plaintiff prays judgment against the defendants in the sum of Twenty-five Thousand Dollars and for his costs of suit."

In order to determine whether the court erred in sustaining the demurrer to and dismissing the petition, it is necessary to consider what elements are essential to constitute a cause of action for malicious prosecution.

The general rule is that to maintain an action for malicious prosecution, the following elements must be shown: (1) The institution or continuation of original judicial proceedings either civil or criminal; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of the action or prosecution complained of. 34 American Jurisprudence, Malicious Prosecution, Section 6, page 706. See also, 38 Corpus Juris, 386, 387.

Under the foregoing rule the continuation of an original judicial proceeding which may constitute an element of a cause of action for malicious prosecution is the continuation of such proceeding by the person instituting the same after acquiring means of ascertaining that the charge is not. well founded. 34 American Jurisprudence, Malicious Prosecution, Section 26, page 718.

The test of liability in such an action is: Was defendant actively instrumental in putting the law in force? To sustain the action, it must affirmatively appear as a part of the case of the party demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion. 38 Corpus Juris, 395.

An inspection of the petition in the instant case discloses that facts are alleged showing the institution of an original criminal proceeding, its bona fide termination in favor of the present plaintiff, and damage conforming to legal standards resulting to plaintiff.

We will therefore confine our further consideration to the question as to whether the petition alleges facts showing the other elements essential to a cause of action for malicious prosecution, hereinbefore mentioned.

The allegations of the paragraphs of the petition which we have for convenience designated as numbers 3 and 4, are to the effect that in the January Term, 1943, in Union County, an indictment was procured against plaintiff upon a charge of making, drawing and uttering and delivering to the defendant company herein, certain checks with intent to defraud, and that such indictment was made maliciously and without any reasonable or probable cause and for the purpose of extorting money from plaintiff, and that by reason of such indictment a warrant was issued for the arrest of plaintiff and he was thereupon, with force and violence and against his will, arrested and detained at the Central Police Station in the City of Cleveland, Ohio, but there are no facts alleged in these paragraphs showing that the defendants or either of them in any way instituted the criminal proceeding referred to or procured said indictment to be returned against the plaintiff.

In the paragraph of the petition which we have designated as number 5, plaintiff alleges facts showing the length of his detention at the Central Police Station in the City of Cleveland, Ohio, his transfer therefrom to the Ceneral Police Station at Akron and his detention there, and his transfer therefrom to the county jail of Union County and his detention there, but no facts are alleged showing the defendants were in any way responsible therefor.

In the paragraph of the petition which we have designated as number 6, plaintiff alleges that his unlawful, false and

forcible arrest and malicious detention and commitment to the Central Police Station of Cleveland, Ohio, and to the jail of Union County at Marysville, Ohio, was instigated and inspired by the defendant Paul Williams individually and as an officer and agent of the defendant corporation The O. M. Scott & Sons Company, and by certain agents of the defendant corporation who at this time are unknown to the plaintiff and therefore not named herein, but no facts are alleged showing such action on the part of the designated persons was done maliciously or without probable cause, and there is no allegation that the indictment upon which said arrest, detention and commitment was made was instituted, instigated or inspired by the persons named.

The paragraph of the petition which we have designated as number 7, alleges that previous to such forcible, unlawful and malicious arrest plaintiff was indicted by the grand jury of Union County upon the false testimony of the defendant Paul Williams and other witnesses unknown at this time to the plaintiff, and that he remained under said indictment until on or about February 4, 1943, when such indictment was nolled by a judge of the Common Pleas Court of Union County.

It will be noted that there is no allegation that such false testimony was given either without probable cause, or maliciously.

In the paragraph of the petition which we have designated as number 8, plaintiff alleges that by reason of the forcible, unlawful, false and malicious arrest and commitment to the jail at Cleveland, Ohio, and at Marysville, Ohio, and his indictment by the Union County Grand Jury upon the false testimony of the defendant Paul Williams and the false testimony of divers witnesses inspired and instigated to so testify by Paul Williams and the defendant corporation, he has been compelled to undergo shame, humiliation and disgrace of being unlawfully, forcibly and maliciously and without probable cause, charged with the crime of uttering checks with intent to defraud, but there is no allegation that the false testimony of the defendant Paul Williams and the false testimony of divers witnesses inspired and instigated to so testify by Paul Williams and the defendant corporation was given maliciously or without probable cause.

The paragraph of the petition which we have designated number 9 is merely an allegation as to damages sustained by

plaintiff which by reference back he predicates upon the preceding allegations of his petition as to his arrest, confinement and indictment, and recites a conclusion not warranted by the pleaded facts upon which it is predicated, that such arrest, confinement and indictment were caused by the acts and at the instigation and inspiration of the defendant Paul Williams and the defendant company, which conclusion, not being warranted by the pleaded facts upon which it is based, is not admitted by the demurrer.

The petition therefore does not state a cause of action in that it fails to show the institution of the original criminal proceeding by or at the instance of the present defendants against plaintiff, and also fails to show the absence of probable cause or the presence of malice on the part of the defendants for their participation in such proceeding.

Furthermore, if the petition should be construed as alleging that the defendant Paul Williams and divers witnesses inspired and instigated to so testify by him and the defendant corporation maliciously and without probable cause gave and furnished to the grand jury which returned the indictment against the plaintiff, false information against the plaintiff and thereby with malice and without probable cause caused and procured plaintiff to be indicted for the offense charged in the indictment, it would not state a cause of action against the defendants.

The decision of the Supreme Court of Ohio, in the case of **Tappan-Rice-Clerkin Co. v Howard, 124 Oh St 123,** overruling the conclusions of the Supreme Court in the case of **Kintz v Harringer, 99 Oh St 240,** and the decision of the Supreme Court in the case of **Stephenson v McCurdy, 124 Oh St 117,** affirming a judgment of the Common Pleas Court sustaining a demurrer to a petition containing allegations of fact similar to those set forth in the preceding paragraph, established the rule which has ever since been in effect that by reason of public policy testimony given before a grand jury may not be the basis of a civil action for malicious prosecution.

For the reasons mentioned, the Common Pleas Court did not err in sustaining the demurrer to and dismissing the petition, and its judgment will be affirmed at the costs of the appellant.

JACKSON and MIDDLETON, JJ., concur.