Kelsey D. **BARTLETT**, Appellant,

v.

Dr. Robert E. **WEIMER**, Appellee.
No. 12564.

United States Court of Appeals
Seventh Circuit.
July 1, 1959.

---

Kelsey D. Bartlett, Toledo, Ohio, for appellant.

Warren A. Deahl, South Bend, Ind., John W. Hackett, Jr., Shumaker, Loop & Kendrick, Toledo, Ohio, Seebirt, Oare, Deahl & Thornburg, South Bend, Ind., for appellee.

Before MAJOR, HASTINGS and KNOCH, Circuit Judges.

HASTINGS, Circuit Judge.

Appellant was adjudged mentally ill by a probate court of the State of Ohio and ordered committed. Approximately fourteen months later, he was ordered released on his application in the probate court, having then been found "not now mentally ill." Subsequently, the judgment originally determining him to be mentally ill and ordering his commitment was vacated on the ground that the probate court had failed to comply with notice provisions of the Ohio statute and was thus without jurisdiction to render a judgment in that proceeding.

The present suit was brought by appellant to recover damages from Dr. Weimer, one of two doctors appointed by the probate court, pursuant to Ohio Rev.Code, § 5123.23, to examine appellant as to his mental health and report their findings to that court. The complaint charges that the manner in which the examination was conducted and the nature of the purported medical findings amounted to a deprivation of appellant's constitutional rights under the Civil Rights Statute. 42 U.S.C.A. § 1983. The complaint additionally alleged jurisdiction by virtue of diversity of citizenship and charged appellee with libel, slander and with being a party to a conspiracy to maliciously prosecute appellant and to cause to be falsely committed to a mental institution.

**862**

Appellee's motion to dismiss the complaint was granted by the district court, and, we hold, properly so. Appellee was appointed and acted as an officer of the court to give his opinion as to the mental health of appellant; and, while acting in such capacity, was protected by the same immunity extended to judges and other judicial officers. Appellant cannot, therefore, maintain an action against appellee in the federal district courts under the Civil Rights Act. Cf. Cawley v. Warren, 7 Cir., 1954, 216 F.2d 74; Kenney v. Fox, 6 Cir., 1956, 232 F.2d 288. Moreover, if Dr. Weimer was not a judicial officer but acting as a private citizen, still it is well-settled that the right not to have private individuals swear falsely in a state court is not a right secured by the federal Constitution. Marten v. Holbrook, C.C.N.D.Cal.1907, 157 F. 716; Whittington v. Johnston, D.C.M.D.Ala.1952, 102 F.Supp. 352, affirmed 5 Cir., 201 F.2d 810. In all this we are in accord with the Court of Appeals for the Sixth Circuit. Bartlett v. Weimer, 6 Cir., 1957, 244 F.2d 955, certiorari denied 355 U.S. 858, 78 S.Ct. 87, 2 L.Ed.2d 65. The last cited case in the Sixth Circuit involved identical claims brought by this appellant against Dr. Weimer and other doctors allegedly parties to the same general conspiracy to deprive appellant of his constitutional rights. That action was dismissed by the Ohio district court and the order of dismissal was affirmed by the Court of Appeals. The present suit was brought against Dr. Weimer on the ground that he was not served in the Ohio district court action.

Appellant contends that this suit may be maintained as a diversity action. Under Ohio law, however, immunity from suit for civil damages is extended judicial officers. Voll v. Steele, 1943, 141 Ohio St. 293, 47 N.E.2d 991; Brinkman v. Drolesbaugh, 1918, 97 Ohio St. 171, 119 N.E. 451, L.R.A.1918F, 1132; Maxey v. Gather, 1952, 94 Ohio App. 115, 114 N.E.2d 607. Likewise, appellee as a witness in the proceedings before the probate court is not subject to suit for civil damages for false testimony. Cf. Stephenson v. McCurdy, 1931, 124 Ohio St. 117, 177 N.E. 204; Siegel v. O. M. Scott & Sons Co., 1943, 73 Ohio App. 347, 56 N.E.2d 345.

The contention that immunity from suit cannot be extended appellee because of the failure of the probate court to comply with notice requirements in the original commitment proceeding is not well-taken. Although the irregularity in the proceeding is, in one sense jurisdictional, it did not go to the jurisdiction of the probate court generally in these matters under the Ohio statute. A medical witness cannot be held to ascertain, at his peril, whether a court has fully complied with procedural requirements.

The judgment of the district court dismissing this action is

Affirmed.