184 So.2d 444 (1966)
Peter A.B. WIDENER, III, Petitioner,
v.
R.C. CROFT, Respondent.
Peter A.B. WIDENER, III, Petitioner,
v.
Joseph LOGIO, Respondent.
Peter A.B. WIDENER, III, Petitioner,
v.
Louis CARROLL, Respondent.
Peter A.B. WIDENER, III, Petitioner,
v.
Bruce WHEELER, Respondent.
Nos. 329-332.
District Court of Appeal of Florida. Fourth District.
March 30, 1966.
*445 Nathan Bedell, of Bedell, Bedell, Dittmar, & Smith, Jacksonville, and Coe, Richardson & Broberg, Palm Beach, for petitioner.
Hal S. Ives and J. Luther Drew, of Ives & Davis, West Palm Beach, for respondents.
SMITH, Chief Judge.
Petitioner, Peter A.B. Widener, III, seeks review by four common law Writs of Certiorari of interlocutory orders denying in part petitioner's motion requesting protective orders pursuant to Rule 1.24(b), Fla. R.Civ.P., 30 F.S.A.
Petitioner is the defendant in four civil actions for malicious prosecution brought against him by the plaintiffs, R.C. Croft, Joseph Logio, Louis Carroll and Bruce Wheeler. Petitioner gave notice of the taking of the deposition of Herbert Lee Francis, but prior to the time for taking the deposition petitioner filed a motion for protective order to provide that testimony given by the said witness before the grand jury or county solicitor should not be inquired into upon the ground that such testimony, having been given in the course of judicial proceedings, is privileged and may not be inquired into in a civil action for damages. The trial court granted the motion insofar as it related to testimony given before the grand jury but denied the motion insofar as it related to testimony given before the county solicitor.
The trial court correctly granted defendant's motion for protective order as it related to testimony of the witness given before the grand jury. F.S.A. § 905.27; State v. Tillett, Fla.App. 1959, 111 So.2d 716.
Prior to the amendment to Section 10 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A., persons charged with a felony were tried on indictment by a grand jury. By amendment adopted in 1934, except for a capital crime, a person may be tried for other felonies upon information filed by the prosecuting attorney of the court. Thus, in 1934 a prosecuting attorney of the court became, in effect, a one-man grand jury. A witness before the prosecuting attorney of the court has the same responsibilities and obligations as a witness before a grand jury and the testimony is of the same fundamental importance. The prosecuting attorney depends on the witness for facts upon which his findings or judgment is based. There exists, therefore, the same reason for the doctrine of privilege of the testimony of a witness before the court's prosecuting attorney as that before a grand jury. As a matter of sound public policy a full disclosure is necessary in both judicial *446 proceedings to the end that a witness in testifying may be free and unhampered by likelihood of threats of reprisal or of suits for defamation. This privilege may not be waived to serve private interest or to aid private litigants in a civil action. The doctrine is not dependent upon a statute. This historic policy of law, with its attendant rule permitting disclosure under certain circumstances, has long existed independent of statutory regulation. See Jenkins v. State, 1895, 35 Fla. 737, 18 So. 182. The principles of law announced in Tillett, supra, as to grand jury testimony are applicable to testimony given before a court's prosecuting attorney. In Tillett the court relied upon and quoted extensively from Taplin-Rice-Clerkin Co. v. Hower, 1931, 124 Ohio St. 123, 177 N.E. 203, 81 A.L.R. 1117. Both decisions refer to the leading case recognizing this doctrine. Vogel Ex'r v. Gruaz, 1884, 110 U.S. 311, 4 S.Ct. 12, 28 L.Ed. 158. There the court held that a communication made to the prosecuting attorney was privileged under the theory that it was the province and privilege of any person, who knew of facts tending to show the commission of the crime, to lay those facts before the public officer whose duty it was to commence a prosecution for the crime. It was held that public policy would protect all such communications absolutely and without reference to the motive or intent of the informer or the question of probable cause upon the ground that greater mischief will probably result from requiring or permitting such communications to be disclosed than would result from invoking the cloak of privilege. Other decisions holding that the privilege extends to testimony given before a prosecuting attorney are Hott v. Yarbrough, 1922, 112 Tex. 179, 245 S.W. 676; Bazzell v. Illinois Central R. Co., 1924, 203 Ky. 626, 262 S.W. 966; Michael v. Matson, 1909, 81 Kan. 360, 105 P. 537, L.R.A. 1915D, 1; Gabriel v. McMullin, 127 Iowa 426, 103 N.W. 355; Lewis v. Roux Trucking Corporation, App.Div. 1927, 222 App.Div. 204, 226 N.Y.S. 70. The privilege is not personal to the witness and as stated in the latter decision:
"The authorities have long since applied the rule to just such a situation for very cogent reasons founded upon sound public policy. With the administration of the criminal law under such alert scrutiny and hostile criticism, judicial rulings should not be had which would even remotely impair the vigor of the processes of the administration of the criminal law.
Communications to the district attorney in connection with possible prosecutions of crime should not be disclosed, with the attendant deterrent effect upon people coming forward to furnish information, or with a corresponding deterrent effect upon freedom of utterance by those forcibly brought forward to be interrogated by the district attorney in advance of the tendering, if it becomes necessary, of them to the grand jury or elsewhere".
Certiorari is granted and that part of the court's order denying the motion for protective order insofar as it relates to testimony given before the county solicitor is quashed with directions to grant the protective order.
WALDEN, J., concurs.
ANDREWS, J., concurs in part and dissents in part
ANDREWS, Judge (concurring in part and dissenting in part.)
I join in the affirmance of that part of the opinion affirming the order granting a protective order to the relator as it relates to the testimony of a witness before a grand jury.
I respectfully dissent from the remainder of the opinion.