206 So.2d 465 (1968)
T.A. BUCHANAN, Appellant,
v.
The MIAMI HERALD PUBLISHING COMPANY, a Florida Corporation, and Hank Messick, Appellees.
No. 67-381.
District Court of Appeal of Florida. Third District.
January 30, 1968.
Rehearing Denied February 20, 1968.
*466 Harry W. Prebish, Horton & Schwartz, Miami, for appellant.
Blackwell, Walker & Gray and Paul R. Larkin, Miami, for Herald.
Highsmith & Ezzo, Miami, for Messick.
Before PEARSON, HENDRY and SWANN, JJ.
PEARSON, Judge.
The appellant, T.A. Buchanan, was the plaintiff in the trial court. He appeals an order dismissing his amended complaint, against the Miami Herald Publishing Company and Hank Messick, with prejudice. The complaint was in two counts: (1) against both defendants for malicious prosecution and (2) against both defendants for conspiracy to maliciously prosecute the appellant. We affirm.
In the Spring of 1966, the appellant was the elected sheriff of Dade County, Florida. The appellee, Miami Herald Publishing Co., was engaged in the business of publishing a newspaper in Dade County, Florida. The other appellee, Hank Messick, was employed by the Miami Herald as a reporter.
The complaint, after alleging the above facts, alleged in Count One that Messick, while employed by the Herald and within the scope and course of his employment, obtained from two persons false affidavits which stated that the appellant had accepted a $25,000 illegal election contribution from a fourth individual. The affidavits were presented to the Governor of the State of Florida with the purpose of securing the removal from office of the appellant. The Governor refused to remove the appellant. Thereafter the appellants, whom it is alleged, "knew or should have known that the charge made against the appellant was false and untrue," caused the affidavits to be presented to the grand jury then sitting in Dade County. It is further alleged that thereafter the appellees caused the witnesses to appear before the grand jury where they gave sworn testimony to the same effect. And further, that based upon the false testimony, the Dade County Grand Jury indicted the appellant for the crime of perjury, and as a result of the indictment, appellant was removed from his office as sheriff. Thereafter, the appellant was tried on the charge and was acquitted.
Count Two alleges that during the Fall of 1965 and the Spring of 1966, the appellees, Hank Messick and Miami Herald Publishing Company, by and through its officers and employees, and Roy O'Nan and Charles Robertson and parties unknown to the plaintiff, "unlawfully, wrongfully, willfully and maliciously conspired and confederated with each other to procure the plaintiff's removal as duly selected sheriff of Dade County." It is then alleged that in furtherance of the conspiracy, the false affidavits set forth in Count One were obtained by appellee Messick and presented to the Governor, that the Governor refused to remove appellant from office, and that thereafter, the affidavits were presented to the Dade County Grand Jury which indicted the appellant, and that subsequently the appellant was removed because of the indictment.
The parties to this appeal are agreed that the judgment of the lower court was *467 entered in reliance upon the principles set forth in State v. Tillett, Fla.App. 1959, 111 So.2d 716. In that case a circuit judge of Polk County, Florida, granted a motion of appellee, Tillett, that testimony taken before the grand jury be made available to him. From the decree on Tillett's petition, the State appealed. The District Court of Appeal, Second District, held that Tillett was not entitled to a transcript of the proceedings of the grand jury where his declared purpose was to further an action for libel and slander based upon grand jury testimony. In reaching its decision, the Court said:
"In this country the overwhelming weight of precedent has established the rule that defamatory testimony by a witness in the due course of a judicial proceeding, if material to the inquiry, is privileged absolutely and hence cannot be made the basis of an action for libel and slander, even though the testimony is given maliciously and with knowledge of its falsity. 33 Am.Jur., Libel and Slander, section 181, p. 174; 53 C.J.S. Libel and Slander § 104d(8), pp. 180-181; and Restatement of the Law, Torts, American Law Institute, section 588, p. 233. Strong approval of this rule has been expressed in the Florida cases of Myers v. Hodges, 1907, 53 Fla. 197, 44 So. 357; and Fisher v. Payne, 1927, 93 Fla. 1085, 113 So. 378."
In applying the law expressed in State v. Tillett, supra, to the instant case, the trial court extended the absolute privilege, not only to persons testifying, but also to the persons who presented the information to the grand jury and who also allegedly procured such false testimony.
The appellant presents a single point on this appeal in which he urges that the allegations of the amended complaint were sufficient to state a cause of action. It is urged that the absolute privilege for proceedings before a grand jury does not extend to persons who procure the presentation of information and witnesses to the grand jury. In addition, upon oral argument it was urged that appellant's complaint is not actually for malicious prosecution but must be construed as one alleging that the appellees wrongfully and maliciously committed acts resulting in appellant losing the emoluments of his office. Appellant not only relies upon the case of Faulk v. Allen, 1943, 152 Fla. 413, 12 So.2d 109, but confesses that he molded the second count of his complaint from the exact language of the second count of the complaint alleging conspiracy in the Faulk case. See Faulk v. Allen, supra, at page 109.
We turn first to the question of whether the first count, which is labelled "malicious prosecution," states a cause of action. We think that it does not for several reasons. First the trial judge correctly ruled that testimony before the grand jury may not be the subject of an action for malicious prosecution and that the privilege accorded to such testimony extends to those who are alleged to have co-operated, encouraged or procured the presentation of the testimony.[1] Second, the complaint *468 does not allege that the appellees knew that the testimony was false. Upon the contrary it is urged that appellees know or should have known that such testimony was false. No facts are given out of which such a conclusion should have arisen. By innuendo it is suggested that the witnesses who testified before the Grand Jury were men of ill repute. To ascribe to this reasoning would be to hold that a citizen must judge the truth of testimony before he aids in the judicial process by directing the testimony into the proper investigative channels. We think such a holding would be against the public policy of the State and is nowhere supported by the law. The office of the grand jury is investigative, as well as accusatory, and it is within the province of that arm of the courts to determine the truth of testimony presented to it.
The grand jury, under the laws of the State of Florida, is an invaluable adjunct to the judiciary and the State law officials in the detection of criminal or unauthorized behavior and in the summoning to the bar of justice the persons responsible. It is regarded by many as one of the great bulwarks of society's fight against crime. See State v. Tillett, supra; Widener v. Croft, Fla.App. 1966, 184 So.2d 444. It is the duty of every good citizen to aid rather than obstruct the grand jury in the performance of its duties. See Taplin-Rice-Clerkin Co. v. Hower, 1931, 124 Ohio St. 123, 177 N.E. 203, 81 A.L.R. 1117; Stephenson v. McCurdy, 1931, 124 Ohio St. 117, 177 N.E. 204; Siegel v. O.M. Scott & Sons Co., 1943, 73 Ohio App. 347, 56 N.E.2d 345; Hott v. Yarbrough, supra.
Appellant's second count and his reliance upon Faulk v. Allen, 1943, 152 Fla. 413, 12 So.2d 109, is likewise misplaced. In the last cited case the appellant had been a State Beverage Director. He was appointed by the Governor of the State and served at the Governor's pleasure. It was alleged that in the furtherance of a conspiracy, the appellees, in order to procure the discharge of appellant from his employment, falsely swore to the Governor that the appellant had accepted bribes. The holding of the court was that a conspiracy, wrongfully and maliciously to induce the Governor to exercise his discretion and remove the director, would give rise to a cause of action.
It will be noted that there are several material differences in the allegations of the instant case. First, the appellees here are not alleged to have sworn falsely; secondly, the affidavits that the appellee here presented to the Governor were not the instruments of appellant's removal from office. Third, it affirmatively appears that the active reason for appellant's removal from office was the action of the grand jury.
We conclude that the trial judge was eminently correct when he determined that State v. Tillett, supra, and the public policy of the State of Florida, precluded any civil action based upon information presented to the grand jury. It should be understood that the extensive protection given to the citizen who assists in law enforcement is not for the purpose of encouraging malicious and false charges. However, the citizen must have sufficient protection against the hazards of litigation when our system relies so heavily upon the assistance and co-operation of the private citizen in the enforcement of the criminal law.
The conclusion we have reached disposes of appellant's contention with reference to the allegation of conspiracy to *469 maliciously prosecute. The gist of a civil action for conspiracy is not conspiracy itself but a civil wrong which was done pursuant to the conspiracy. Since we have already held that malicious prosecution is non-actionable under the facts of the instant case, it follows that the addition of the element of conspiracy in no way changes that decision. Robertson v. Industrial Insurance Company, Fla. 1954, 75 So.2d 198, 45 A.L.R.2d 1292; Ocala Loan Company v. Smith, Fla.App. 1963, 155 So.2d 711, 716.
Affirmed.
NOTES
[1] In the case of Hott v. Yarbrough, 112 Tex. 179, 245 S.W. 676 (1922), the question arose as to whether a letter written to the County attorney charging a violation of the criminal law, and asking that the matter be brought up before the grand jury, is absolutely privileged. The court stated the following in support of their holding:

"It is unquestionably the right, if not, in fact, the duty, of every one [sic] who has knowledge of the commission of a criminal offense, punishment to the party guilty whereof is a matter of general public interest, to call to the attention of the grand jury the facts within his knowledge, to the end that they may have proper investigation, and such action as the grand jury may deem advisable. Equally clear is the right of any one [sic] who may consider himself aggrieved by the actual or supposed commission of a crime to call the matter to the attention of the grand jury for investigation and action. The law does not restrict the method by which this may be done. But whenever it is done, by whatever method, so long as it is confined to a communication directly to the grand jury itself or to one of its members acting in his official capacity, it is clearly a part of the judicial proceeding, pertains to the proper administration of criminal justice, is absolutely privileged, and cannot be the basis of a civil action for damages."