230 So.2d 9 (1969)
T.A. BUCHANAN, Petitioner,
v.
The MIAMI HERALD PUBLISHING COMPANY, a Florida Corporation, and Hank Messick, Respondents.
No. 37326.
Supreme Court of Florida.
September 24, 1969.
Rehearing Denied October 17, 1969.
*10 Horton & Schwartz and Harry W. Prebish, Miami, for petitioner.
Blackwell, Walker & Gray and Highsmith & Ezzo, Miami, for respondents.

ON REHEARING GRANTED
BOYD, Justice.
This cause is before us on rehearing of a petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 206 So.2d 465. We originally took jurisdiction because of conflict between a portion of the District Court's decision and prior decisions of this Court.[1] On rehearing we have concluded that the basic holding of the District Court, affirming the dismissal of the complaint because it threatens the secrecy of the grand jury proceedings, is correct and must be affirmed.
Petitioner, T.A. Buchanan, plaintiff below, filed a complaint against respondents herein charging malicious prosecution and conspiracy to prosecute maliciously. Count I of the amended complaint charged that the respondent Messick, as an agent, servant or employee of the respondent Miami Herald Publishing Company, had, while so employed and within the scope and course of his employment, maliciously obtained from one Roy O'Nan and Charles Robertson false affidavits charging the petitioner with having accepted a $25,000 illegal campaign contribution from Charles Robertson and that the respondent Messick knew or should have known that the charges contained in the affidavits were false and untrue and that no probable cause existed for the respondent Messick to believe that the petitioner was guilty of such illegal act. It was further charged that these affidavits were presented by Messick or caused to be presented by Messick to the Governor of Florida for the purpose of having the petitioner removed as the duly elected Sheriff of Dade County, Florida, and that the Governor of Florida refused to remove the petitioner.
It was further alleged that thereafter the respondent Messick, with the consent, acquiescence and knowledge of the respondent Miami Herald Publishing Company, presented the same affidavits to the Grand Jury sitting in Dade County and later prevailed upon the affiants, O'Nan and Robertson, to appear before the Grand Jury and to testify to the effect that the petitioner had accepted and received from Charles Robertson an illegal campaign contribution in the sum of $25,000 and that Messick knew or should have known that such charges were false and untrue; that based upon the false testimony given by O'Nan and Robertson, the Dade County Grand Jury, on April 19, 1966, indicted the petitioner for the crime of perjury and that as a result of such indictment he was removed from the office of elected Sheriff of Dade County, a fact which the respondents knew would result if an indictment were returned against the petitioner. It was further alleged that the sole purpose of the respondent Messick in obtaining the affidavits and presenting them to the Grand Jury and obtaining the testimony of O'Nan and Robertson before the Grand Jury was to effect the removal of the petitioner from *11 the office of Sheriff of Dade County; that the petitioner was tried on the charge of perjury on August 8, 1966, and acquitted.
Further allegations in Count I charged that the respondents willfully, wrongfully, unlawfully and maliciously instigated, initiated, abetted and continued the indictment and prosecution of the petitioner without just legal cause and that the same was done out of malice and without probable cause solely for the purpose of obtaining the petitioner's removal from the office of elected Sheriff of Dade County.
Count II alleged a conspiracy between respondents to procure petitioner's removal from office, as alleged in Count I.
The Circuit Court, on motion of respondents, dismissed the amended complaint with prejudice. The District Court affirmed holding:
"We turn first to the question of whether the first count, which is labelled `malicious prosecution,' states a cause of action. We think that it does not for several reasons. First the trial judge correctly ruled that testimony before the grand jury may not be the subject of an action for malicious prosecution and that the privilege accorded to such testimony extends to those who are alleged to have co-operated, encouraged or procured the presentation of the testimony. Second, the complaint does not allege that the appellees knew that the testimony was false. Upon the contrary it is urged that appellees know or should have known that such testimony was false. No facts are given out of which such a conclusion should have arisen. * * *" (e.s.)
To the extent that the underscored language requires an allegation that defendant in a suit for malicious prosecution knows the charges to be false, it conflicts with prior decisions of this Court and is erroneous.[2] The allegations of the complaint herein that defendants "knew or should have known" that the charge was false and that "no probable cause existed" to believe that petitioner was guilty of the charges, is sufficient. Actual knowledge is not required.[3]
The balance of the holding of the District Court quoted above is correct. It is against the public policy of this State to allow civil suits for damages to infringe on the secrecy of the grand jury proceedings. The harm to the public interest from such suits outweighs the gain of the individual.[4]
Historically, under the English Common law system, citizens have been able to appear directly before grand juries and supply information concerning crime, knowing their testimony would be kept in strict secrecy. In many communities, crime commissions or similar groups investigate criminal activities and report to police authorities or directly to grand juries. Many major crimes have been solved through the efforts of these groups and through investigations conducted by inquisitive news reporters and their editors. There is a particular need for the preservation of the above-mentioned activities in metropolitan centers where crime is highly organized.
*12 To require respondents to defend themselves in the instant case would establish a precedent for civil suits against persons who may attempt to assist grand juries by securing witnesses. Thus, anyone who recommended that another take information to the grand jury would run the risk of being sued for civil damages if the information proved false.
Persons who make malicious or false charges or commit perjury are subject to contempt citations[5] and prosecution instituted by the grand jury.[6]
The District Court was also correct in holding that Count II, alleging conspiracy to commit malicious prosecution, failed since that Count is based on the allegations of Count I.
Accordingly, the decision of the District Court, as modified, is affirmed.
It is so ordered.
ERVIN, C.J., and ROBERTS and ADKINS, JJ., concur.
CALDWELL (Retired), J., dissents with opinion.
DREW and CARLTON, JJ., dissent and concur with CALDWELL, J.
CALDWELL, Justice (Retired) (dissenting):
I respectfully disagree with the majority opinion.
The District Court relied on State v. Tillett,[1] in which cause defendants were charged with libel and slander allegedly committed in testimony before a Grand Jury.
In the instant cause, the testimony of the defendants in the Grand Jury room is not necessarily involved. The defendants are charged as procurers of false affidavits which were submitted to the Governor of the State before they became Grand Jury witnesses.
The decision of the District Court should be quashed.
DREW and CARLTON, JJ., concur.
NOTES
[1] Tatum Brothers Real Estate & Inv. Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Faulk v. Allen, 152 Fla. 413, 12 So.2d 109 (1943); Glass v. Parrish, 51 So.2d 717 (Fla. 1951).
[2] Ibid.
[3] Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 282, 109 So. 623, 626: "An action for maliciously putting the law in motion lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action."
[4] State v. Tillett, 111 So.2d 716 (Fla. App.2nd 1959).
[5] Kirk v. Baker, 224 So.2d 311, Opinion filed April 3, 1969.
[6] Tindall v. State, 99 Fla. 1132, 128 So. 494 (1930).
[1] 111 So.2d 716 (Fla.App.2d 1959).