The Honorable Fran Carlton Clerk of the Circuit and County Courts, Orange County 37 North Orange Avenue, Suite 550 Orlando, Florida 32801
Dear Ms. Carlton:
You have asked substantially the following:
1. Are the existence and content of investigative subpoenas, including grand jury subpoenas, initiated by the State Attorney's Office and the Office of the Statewide Prosecutor exempt from the inspection and copying provisions of s. 119.07(1), F.S., prior to becoming part of the case files maintained by the Clerk of the Court? 2. If so, do they lose their exempt status when they become part of a case file?
In sum:
1. Investigative subpoenas issued as part of an active criminal investigation or intelligence gathering operation by a criminal justice agency are exempt from the disclosure requirements of Ch.119, F.S., prior to their becoming part of the case files maintained by the clerk of the court. Grand jury subpoenas, as part of the grand jury proceeding made secret by s. 905.24, F.S., also would not be subject to disclosure under Ch. 119, F.S. 2. Investigative subpoenas made part of a court file maintained by the clerk of court would be subject to public disclosure, unless closed by an order of the court or specifically exempted from public disclosure under s. 119.07(4), F.S.
Question One
Chapter 119, F.S., Florida's Public Records Law, makes public records of all documents, papers, letters or other materials, regardless of physical form, made or received in connection with the transaction of official business of an agency.[1] All such public records are open for public inspection,[2] unless the Legislature has exempted them from disclosure.[3]
You ask whether your office may treat criminal investigative subpoenas and all attendant paperwork filed in the clerk's office by the state attorney or the statewide prosecutor as part of an active criminal investigation exempt from the disclosure provisions of Ch. 119, F.S.
Section 119.07(3)(d), F.S., provides that "[a]ctive criminal intelligence information and active criminal investigative information are exempt from the provisions of subsection (1)" of s. 119.07, F.S. To be exempt, therefore, the record must be both "active" and constitute either "criminal intelligence" or "criminal investigative" information.
Criminal intelligence information is considered active "as long as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities."[4]
Criminal investigative information is active "as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future."[5]
Criminal intelligence information is defined as "information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity."[6] Criminal investigative information means "information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance."[7]
A "[c]riminal justice agency" is "any law enforcement agency, court, or prosecutor[,] . . . [or] any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal intelligence information or criminal investigative information for the purpose of assisting such law enforcement agencies in the conduct of active criminal investigation . . . .[8] (e.s.)
Pursuant to s. 27.04, F.S., a state attorney is "allowed the process of his court to summon witnesses from throughout the state to appear before him . . . [and] to testify before him as to any violation of the criminal law upon which they may be interrogated . . . ." Likewise, the statewide prosecutor is authorized to summon and examine witnesses, require the production of physical evidence and "exercise such other powers as by law are granted to state attorneys."[9]
It would appear, therefore, that when a state attorney or the statewide prosecutor summons witnesses or seeks physical evidence for a criminal investigation, the clerk of the court issuing the subpoenas is an officer of the court[10] and an agency having custody of criminal intelligence or investigative information for the purpose of assisting law enforcement agencies in the conduct of an active criminal investigation.
Accordingly, criminal investigative subpoenas issued by the clerk of the court would be exempt from the disclosure requirements of Ch. 119, F.S., as long as they are part of an "active" criminal investigation or intelligence gathering operation as provided in ss. 119.011(3) and 119.07(3)(d), F.S.
Regarding grand jury subpoenas, s. 905.24, F.S., makes grand jury proceedings secret. Therefore, records prepared for use of the grand jury during the regular performance of its duties are not subject to s. 119.07, F.S.[11] In order to lift the secrecy surrounding grand jury proceedings, there must be a judicial finding of a particularized need for disclosure that outweighs the benefits of maintaining the secrecy.[12]
As a part of the court system, the grand jury seeks and reviews information to determine whether an indictment should be found.[13] To secure the attendance of witnesses, the grand jury may request the state attorney to issue process.[14] As an integral part of the grand jury proceeding to secure witnesses, grand jury subpoenas would fall under the "absolute privilege" of the grand jury and not be subject to disclosure under Ch. 119, F.S.
Question Two
Section 119.07(4), F.S., states:
Nothing in this section shall be construed to exempt from subsection (1) a public record which was made a part of a court file and which is not specifically closed by order of court, except as provided in paragraphs (e), (f), (g), (m), (o), and (r) of subsection (3) and except information or records which may reveal the identity of a person who is a victim of a sexual offense as provided in paragraph (h) of subsection (3).
Thus, the Public Records Law recognizes, with specific exceptions, that public records which are exempt from the disclosure requirements of Ch. 119, F.S., lose their exempt status once they are made part of a court file and not specifically closed by order of a court.
In AGO 84-81, this office considered whether, under the law existing at that time, a public record revealing the identity of a sexual battery victim or child abuse victim would maintain its exempt or confidential status once placed in a court file and not specifically closed by order of the court. It was determined that such records would be open to public disclosure pursuant to s.119.07(4), F.S., which at that time did not, as it does now, exempt public records identifying the victims of sexual or child abuse when placed in a court file in the absence of a court order closing the file.[15] The authority of the judiciary over access to court files is founded in the separation of powers doctrine and the ability of the Supreme Court of Florida to adopt rules of practice and procedure in all courts pursuant to Art. V, State Const.[16]
Accordingly, information statutorily exempt from the disclosure requirements of Ch. 119, F.S., would be open to public inspection when placed in a court file, unless the file is closed by order of court or the information falls within the specific exceptions enumerated in s. 119.07(4), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 119.011(1), F.S. (defining "[p]ublic records") and s.119.011(2), F.S. (defining "[a]gency" to mean any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency).
[2] See, s. 119.07(1), F.S. (requiring the custodian of a public record to permit such record to be inspected and examined by any person desiring to do so).
[3] See, s. 119.07(3), F.S. (making all public records presently provided by law to be confidential or prohibited from public inspection exempt from the disclosure provisions of Ch. 119, F.S.) and Wait v. Florida Power and Light Company, 372 So.2d 420 (Fla. 1979) (every public record is subject to the examination provisions of Ch. 119, F.S., unless a specific statutory provision can be found which exempts records from disclosure).
[4] Section 119.011(3)(d)1., F.S.
[5] Section 119.011(3)(d)2., F.S., also providing "[i]n addition, criminal intelligence and criminal investigative information shall be considered `active' while such information is directly related to pending prosecutions or appeals."
[6] Section 119.011(3)(a), F.S.
[7] Section 119.011(3)(b), F.S.
[8] Section 119.011(4), F.S.
[9] Section 16.56(3), F.S.
[10] See, State ex rel. Druissi v. Almand, 75 So.2d 905, 906 (Fla. 1954) (clerk acts as recording officer in the operation of a court; the making and recording of court records are ministerial duties with no discretion); Pan American World Airways, Inc. v. Gregory, 96 So.2d 669, 671 (3 D.C.A. Fla., 1957) (clerk of the court is an officer of the court whose duties are ministerial and as such does not exercise any discretion).
[11] See also, Buchanan v. Miami Herald Publishing Company,206 So.2d 465 (3 D.C.A. Fla., 1968); affirmed, 230 So.2d 9 (Fla. 1969) (grand jury proceedings are "absolutely privileged").
[12] See, In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records, 864 F.2d 1559 (11 Cir. Fla., 1989).
[13] See, State v. Michell, 188 So.2d 684, 686 (4 D.C.A. Fla., 1966) (generally discussing the nature and function of a grand jury).
[14] Section 905.185, F.S.
[15] Section 119.07(4), F.S., was subsequently amended by s. 1, Ch. 86-109, s. 2, Ch. 88-188, Laws of Florida, to except from the disclosure provisions information placed in a court file which would disclose the identity of victims of sexual offenses as provided in s. 119.07(3)(h), F.S.