The Honorable Harold Bazzel Clerk of Circuit Court Bay County Post Office Box 2269 Panama City, Florida 32402
Dear Mr. Bazzel:
You have asked for my opinion on substantially the following question:
May the Clerk of Court redact the name of a grand jury foreperson from an indictment after it has been made public in order to maintain the secrecy of the grand jury foreperson's identity?
In sum:
The Clerk of Court is not authorized to redact the name of a grand jury foreperson or the acting foreperson from an indictment after it has been made public.
Section 119.07(1), Florida Statutes, requires custodians of public records to allow inspection and copying of all documents, papers, letters or other material, regardless of the physical form, made or received in connection with the transaction of the official business of an agency.[1] Further, Article 1, section 24, Florida Constitution, sets forth a constitutional right of access to any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, unless the public record has been exempted by law pursuant to the constitutional provision, or specifically made confidential by the Constitution. Thus, all public records are open for public inspection and copying, unless the Legislature has exempted them from disclosure or they have been made confidential by law.[2]
In Florida, criminal offenses are charged by indictment or information. An indictment is returned by a grand jury while an information charging the commission of a crime is filed by the state attorney.[3] Pursuant to section 905.24, Florida Statutes:
"Grand jury proceedings are secret, and a grand juror or an interpreter appointed pursuant to s. 90.6063(2) shall not disclose the nature or substance of the deliberations or vote of the grand jury."
In addition, records prepared for use by the grand jury during the performance of its duties are not subject to public inspection and copying under the provisions of the Public Records Law.[4] Section905.17(1), Florida Statutes, specifically states in part:
"The notes, records, and transcriptions are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and shall be released by the clerk only on request by a grand jury for use by the grand jury or on order of the court pursuant to s. 905.27."
Section 905.27(1), Florida Statutes, provides a limited exception to the public records exemption contained in section 905.17, Florida Statutes. This statute authorizes the disclosure of grand jury testimony when a court requires such disclosure and it is for the purpose of
(a) Ascertaining whether it is consistent with the testimony given by the witness before the court;
(b) Determining whether the witness is guilty of perjury; or
(c) Furthering justice.
The selection of grand jurors and the identity of the individual grand jurors is part of the record of the grand jury proceedings and is, therefore, included within the scope of these secrecy provisions.[5]
However, the Florida Rules of Criminal Procedure require that"[a]n indictment shall be signed by the foreperson or the acting foreperson of the grand jury returning it."[6] The rules further provide that a grand jury indictment shall be kept by the clerk of the court and may not be publicly inspected until the defendant is in custody or until one year has elapsed, "after which time [the indictment] shall be opened for public inspection."[7] Section905.28, Florida Statutes, recognizes the public nature of a grand jury's report.
The Legislature has clearly created specific exemptions from the inspection and copying requirements of section 119.07(1), Florida Statutes, for the notes, records, and transcriptions of grand jury proceedings. No such exemption was created for the name of a grand jury foreperson as it appears on the indictment after the indictment has been made public and, in the absence of such a specific exemption, this office may not imply the existence of one.[8]
Therefore, it is my opinion that the Clerk of Court is not authorized to redact the name of a grand jury foreperson or the acting foreperson from an indictment after it has been made public.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, s. 119.011(1), Fla. Stat., which defines "[p]ublic records" and s. 119.011(2), Fla. Stat., defining "[a]gency" to mean any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency.
[2] See, Wait v. Florida Power and Light Company, 372 So.2d 420
(Fla. 1979), in which the Court concluded that every public record is subject to the examination provisions of Ch. 119, Fla. Stat., unless a specific statutory provision can be found that exempts records from disclosure.
[3] See, Art. I, s. 15(a), Fla. Const. 
[4] See, Buchanan v. Miami Herald Publishing Company,206 So.2d 465 (Fla. 3d DCA 1968), affirmed, 230 So.2d 9 (Fla. 1969) (grand jury proceedings are "absolutely privileged").
[5] See, Inf. Op. to the Honorable Steve Alexander, State Attorney, Seventh Judicial Circuit, dated September 8, 1995, in which this office stated:
"The logical extension of the secrecy of the grand jury proceedings would be to protect the identity of the individual grand jurors. Protecting the identity of grand jurors avoids the potential of compromising the secrecy of the grand jury proceeding and limiting the freedom of the grand jurors to carry out their duties unencumbered by outside influence."
[6] Rule 3.140(f), Fla.R.Crim.P.
[7] Rule 3.140(l), Fla.R.Crim.P.
[8] As this office noted in an informal opinion regarding the privileged status of the names and addresses of grand jurors:
"The secrecy provisions applicable to grand jury proceedings would also shield the identity of the grand jury's foreperson. Practically, however, while the identity of the foreperson is initially privileged as a part of the grand jury proceeding, the foreperson's identity is made public by his or her signature on the grand jury's presentment or indictment when it is released."
See, Inf. Op. to the Honorable Steve Alexander, State Attorney, Seventh Judicial Circuit, dated September 8, 1995.