Leo M. MULLEN, M.D., Plaintiff-Appellant,

v.

William J. McKNELLY, M.D., et al., Defendant-Respondent.

No. WD 36180.

Missouri Court of Appeals, Western District.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Leo M. Mullen, M.D., plaintiff-appellant, pro se.

James D. Conkright, Kansas City, for defendant-respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

BERREY, Presiding Judge.

Leo M. Mullen, M.D., appeals the trial court's order dismissing with prejudice his petition against defendant, William J. McKnelly, M.D.

Very briefly, defendant was appointed by U.S. Magistrate Calvin Hamilton to examine Dr. Mullen pursuant to 18 U.S.C. § 4244 and Local Rule 23. The purpose was to determine the mental condition of plaintiff, i.e., was he able to appreciate the wrongful nature of his acts. Dr. Mullen had been charged in a nine count indictment in federal court (Western District of Missouri) with illegally dispensing drugs.

Dr. McKnelly found that Dr. Mullen has in the past manifested a severe personality change and suffered from severe hypertension. A CT Scan suggested a possible aneurysm. The neuropsychological tests suggested organic brain impairment, probable cause is organic brain dysfunction.

Dr. McKnelly's conclusion was Mullen was unable to appreciate the wrongful nature of his acts. He further concluded Mullen should not practice medicine and should have a conservator or fiscal guardian appointed.

Dr. Mullen's appearances before the courts of Western Missouri are legend. A reading of his petition reveals he is apparently complaining about Dr. McKnelly's diagnosis of his mental condition, a diagnosis that quite coincidentally influenced the U.S. Attorney for Western Missouri to seek dismissal of the criminal charges then pending against plaintiff.

Plaintiff alleges the trial court abused its discretion in dismissing with prejudice his petition because the trial judge did not permit him to amend nor did the trial judge dismiss the petition without prejudice so plaintiff could refile. The trial judge has performed properly. The plaintiff's petition totally fails to state a cause of action.

■ When a physician has been appointed to examine a person and give an opinion as to the mental health of said person the physician enjoys the same immunity extended to judges and other judicial officers. *Bartlett v. Weimer*, 268 F.2d 860 (7th Cir. 1959).

State employed psychiatrists should not have to function under the threat of civil liability. *Sherrill v. Wilson*, 653 S.W.2d 661, 664 (Mo. banc 1983). *Briscoe v. La-Hue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), stands for the proposition that absolute immunity for judges and prosecutors extends equally to counsel and witnesses in a judicial proceeding. "Absolute immunity is thus necessary to assure that judges, advocates and witnesses can perform their respective functions without harassment or intimidation." *Briscoe, supra*, at 335, 103 S.Ct. at 115, quoting *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978).

A complete exhaustive study of the legal file and plaintiff's petition and assorted papers filed by him leads inescapably to the fact that the trial court did not err in dismissing plaintiff's petition with prejudice for failure to state a cause of action.

■ Plaintiff is complaining that the trial court should have permitted him to amend. A complete review of the file does not reflect any motions, memorandums or requests by plaintiff to amend. Rule 67.06 provides that leave to amend shall be "freely grant[ed]". However, the trial court does have discretion to deny such relief. *Cady v. Hartford Accident and Indemnity Company*, 439 S.W.2d 483 (Mo.1969). Here the record is silent as to whether or not such relief was sought and if it was, to what end would it serve since it is already established that Dr. McKnelly enjoyed absolute immunity for his actions.

Point I is ruled against plaintiff.

Under Point II, plaintiff argues that the court erred and abused its discretion in dismissing plaintiff's petition with prejudice. It appears, albeit vaguely, that plaintiff premises his argument on an assertion found in a Motion to Dismiss filed by a former defendant, Kansas University Medi-

cal Center, which is not a party to this appeal. The medical center moved for dismissal of Dr. Mullen's action based on failure to state a claim and lack of personal or subject matter jurisdiction. The trial court sustained the motion on the former ground in an order dated June 22, 1984.

On July 9, 1984, the trial court dismissed Dr. Mullen's action against Dr. McKnelly. The order of July 9 also amended the June 22 order to assess costs against Dr. Mullen in favor of the medical center and to dismiss the petition against the medical center with prejudice. In this amended order, the court did not specify grounds for dismissal. Plaintiff abstractedly argues that dismissal for lack of jurisdiction should be a dismissal without prejudice and because the court did not specify the reason for dismissal, it was required to dismiss without prejudice. This point is totally without merit in that the dismissal of Dr. Mullen's petition against the medical center is not at issue on this appeal.

Point II is ruled against plaintiff.

Judgment affirmed.

All concur.